GEORGE M. DAYTON v. HATTIE DAYTON.

*Equity practice—Appeal—Weight given to determination of circuit judge—Bill for discharge of mortgage—Tender—Retention as bill for redemption.*

1. Where the appellate court can arrive at no *decided* convictions from the testimony, which lead to a different conclusion than that reached by the court below, its decree will not be disturbed, especially where such testimony is taken in open court, when the circuit judge has an opportunity of seeing the witnesses and hearing them testify.

2. Where a bill is filed for the *discharge* of a mortgage on the ground of a *tender* of the amount due, which tender is found to have been insufficient, the bill may be retained as a bill to redeem under the general prayer for relief, the complainant offering in his bill to pay whatever may be found due the defendant.

Appeal from Ingham. (Gridley, J.) Argued January 18, 1888. Decided February 2, 1888.

Bill filed to discharge a mortgage, and for the statutory penalty, etc. Both parties appeal. Decree entered in appellate court allowing complainant to redeem on specified terms, etc. The facts are stated in the opinion.

*R. A. Montgomery,* for complainant.

*Jason E. Nichols,* for defendant.

CHAMPLIN, J. The dispute in this case arises over the amount claimed by the defendant to be due upon a certain bond and mortgage.

Complainant became purchaser of the land subsequent to the mortgage, and he claims that two items—one of $185, and another of $150—should be applied and indorsed thereon. Acting upon this claim, he made a tender to the defendant of the balance due upon the mortgage, taking out the

amount of the two items, and demanded a discharge. The tender was refused. Complainant thereupon filed this bill of complaint, praying to have the mortgage declared extinguished and void, and requiring defendant to discharge the mortgage, and that defendant be decreed to pay to complainant a penalty of $100, incurred for violation of section 5704, How. Stat., and for such further and such other relief as the nature of the case shall require, and as shall be agreeable to equity.

The case was heard upon pleadings and proofs in the court below, taken in open court before the circuit judge, and he decreed that the item of $185 should be allowed and indorsed as of the date of July 1, 1882; that the item of $150 was not paid to defendant to be applied on said mortgage, and he disallowed said item. He decreed the tender insufficient, but allowed a new tender to be made of the amount due, which, if made or tendered into court, should operate to discharge the lien of the mortgage; and directed the execution of a discharge by defendant, and, if complainant failed to make the tender in the time fixed in the decree, the bill of complaint was to be dismissed. Costs were awarded to defendant.

Both parties have appealed from this decree.

Both of the disputed items arose out of indebtedness of defendant's husband, who is a brother of the complainant. As to the $185 item, complainant's contention is that defendant's husband was guardian for a niece of his, who, being under an engagement to marry, wanted some money to obtain an outfit; that defendant's husband was unable at the time to furnish the money, and Mr. Reed, a brother-in-law, offered to advance the money for defendant's husband, which offer was accepted; that thereupon Reed obtained the money, by the aid of complainant's indorsement, from the Savings Bank; that the note was renewed from time to time until it reached the sum of $185, when Mr. Reed requested defend-

ant's husband to obtain consent of his wife to let complainant pay the note, and apply it upon the mortgage debt which he owed to defendant; that he manifested his willingness to have the note so paid, if his wife was willing; that Mr. Reed saw defendant, and she agreed that, if complainant would pay the note, it should apply as payment to her upon the mortgage, and complainant thereupon paid the note. This claim upon the part of the complainant was controverted by defendant, and the testimony *pro* and *con* was contradictory.

It also appeared that at some time prior to this the defendant's husband had assigned to Mr. Reed two judgments which, when collected, should apply towards payment of the bank note; that Reed had succeeded in collecting $12, but the balance is uncollectible at the present time. These judgments still stand assigned to Mr. Reed. Why they were not re-assigned at the time the arrangements was claimed to have been made, does not appear. The testimony shows that they are worthless, and may have been so considered by the parties.

The $150 item, as claimed by complainant, arose in this way: Defendant's husband requested complainant to let him have $150, to apply on the mortgage due his wife; that he had just received word that his son was sick at Arkansas, and he wished to go to him, and his necessity was urgent; that defendant had demanded payment of the mortgage debt, and had been quite urgent for payment; that he got the $150, and paid it to defendant, to be applied upon the mortgage. The testimony over this item was also conflicting; and we may say that upon the whole testimony in the case it is difficult to arrive at a satisfactory conclusion from the weight of testimony wherein the merits lie.

Where we can arrive at no decided convictions, from the testimony, which lead us to a different conclusion than that reached by the court below, we are not inclined to disturb

the decree made by the court, especially where the testimony is taken in open court, when the circuit judge has the opportunity of seeing and hearing the witnesses testify.

We think, however, that the $12 paid to Mr. Reed should be deducted from the $185, leaving $173 to be indorsed upon the mortgage debt as of July 1, 1882, and, as so modified, the decree as to these two items will be affirmed. It follows that the amount tendered was insufficient to discharge the lien of the mortgage, and the prayer of the bill based upon the tender must be denied. The complainant, however, in his bill offers to pay whatever may be found due to defendant, and, under his prayer for general relief, the bill may be retained, and treated as a bill to redeem.

The *data* contained in the record is not quite clear as to the times when these disputed items accrued. There should be added to the $1,440 tendered, the $12, and interest thereon from July 1, 1882, to the fourth day of June, 1883, when the tender was made; also the item of $150 from the time it was obtained to the time of the tender. The testimony leaves the exact date indefinite, but it shows that it was sometime in the spring of 1883. It will not be far out of the way to fix the date as the fifteenth of April, 1883. Computing the interest at $8\frac{1}{2}$ per cent. upon these items to the date of the tender, they amount to $164.57, which, added to the $1,440 tendered, makes $1,604.57 due June 4, 1883. The interest at $8\frac{1}{2}$ per cent. upon this sum to February 2, 1888, is $635.71, making the total sum due at the last-named date, $2,240.28.

A decree will be entered here permitting complainant to redeem from said mortgage upon paying to defendant within 60 days from February 2, 1888, the sum of $2,240.28, with interest from that date at $8\frac{1}{2}$ per cent., and the costs of the defendant in the court below, and the decree will provide in default of such payment for a sale of the mortgage premises, and barring complainant from all equity of redemption, and such other provisions as are usually embraced in decrees for

the redemption of mortgaged premises. Neither party will recover costs in this Court, as neither party prevails upon the appeal.

The decree entered will, with the record, be remanded to the circuit court for the county of Ingham for execution.

The other Justices concurred.