[No. 14580.    Department Two. — August 14, 1893.]

KATE JOHNSON ET AL., APPELLANTS, *v.* CHARLES B. POLHEMUS ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE — SECURITY OF NOTE AND WRITTEN AGREEMENT — AP-PLICATION OF PAYMENTS — COMPLAINT RELYING UPON NOTE — RELIEF UPON WRITTEN AGREEMENT — PRAYER OF COMPLAINT. — In an action by the executors of the mortgagee to foreclose a mortgage given to secure a promissory note, and also a written agreement of the mortgagor to pay to the mortgagee the remainder of full interest on a prior mortgage, unless the mortgagee was willing to accept a less rate already paid as payment in full, when the complaint averred that the mortgagee and his executors did not elect and never consented to accept the less rate, and that payments made by the mortgagor had been applied by the executors of the mortgagor in payment of the amount due upon the written agreement, and prayed for foreclosure of the mortgage for a balance due upon the note, and the answer took issue upon the allegations as to the written agreement, and averred that the mortgagee agreed to accept the less rate paid as payment in full, and also that the note had been paid in full, and that the payments made were applied by the defendant to the extinction of the note, and the findings were responsive to the issues, and establish that the agreement to pay interest in full was never discharged, but that the note was paid in full, and that plaintiffs had no right to apply any payments upon the written agreement, the facts in regard to the written agreement were sufficiently embraced within the issues to warrant a decree of foreclosure of the mortgage for the amount due and unpaid upon the written agreement, though not specifically prayed for in the complaint.

ID.—PLEADING UNDER CODE—EQUITY PRACTICE—PRAYER OF COMPLAINT—RE-
LIEF EMBRACED WITHIN ISSUES.— Our Code of Civil Procedure in prescribing
the mode of pleading had adopted the essential elements of the former equity
practice, providing that in case of default the relief is confined to the relief de-
manded in the complaint, if justified by its allegations and general scope, as
was the rule under a prayer for special relief in equity, while in other cases it
is extended to granting relief similar to that granted under a prayer for general
relief in the chancery courts, though where there is an answer in the case, the
right to recover under the code does not depend in any manner upon the prayer
of the complaint, but upon the scope of that pleading, and the issues made or
which might have been made under it, and the court may grant any relief con-
sistent with the case made by the complaint and embraced within the issue.

APPEAL from a judgment of the Superior Court of Santa
Clara County.

The facts are stated in the opinion.

*George H. Mastick, Cope, Boyd & Fifield, Boyd, Fifield &
Hoburg,* and *W. W. Cope,* for Appellants.

*William Matthews,* for Respondents.

SEARLS, C. — This is an action to foreclose a mortgage.
Defendant had judgment, from which the plaintiffs appeal.

There is a bill of exceptions in the record relating to the
propriety of the admission of certain oral testimony, but in
view of the conclusions of law reached by the court below it
becomes unimportant, and the appeal is practically based upon
the judgment roll.

Appellants assign two errors as grounds for a reversal of the
judgment, which are as follows:—

1. The prayer of the complaint is sufficient to entitle plaint-
iffs to judgment.

2. Even if the prayer of the complaint be insufficient, plaint-
iffs are entitled to a foreclosure, that relief being consistent with
the case made by the complaint and embraced within the issue.

As the judgment in favor of defendant seems to have turned
upon a decision that no relief was sought in the action upon a
certain contract, a reference to the complaint is necessary to the
correct understanding of the action of the court.   The plaint-
iffs sue as the executors of the last will of Robert C. Johnson,
deceased, who departed this life on or about March 8, 1889.
The complaint avers among other things, in substance, that on

the eleventh day of September, 1885, Charles B. Polhemus made to Robert C. Johnson his promissory note for the sum of $31,972.90, payable on or before ninety days from date, with interest, etc.; also, that on the same day said Polhemus made a certain agreement in writing as follows:—

"Whereas, Charles B. Polhemus did make and deliver to Robert C. Johnson his promissory note dated September 13, 1881, for the sum of $31,972.90, bearing interest at the rate of ten per cent per annum, secured by mortgage;—

"And whereas, to this date said Polhemus has paid interest on said sum at the rate of seven per cent per annum, leaving unpaid interest thereon at the rate of three per cent per annum, aggregating the sum of $3,836.74, and the said seven per cent was paid with the understanding that in the event said Johnson was not willing to receive the same in full of all interest that said Polhemus would pay to him the remaining three per cent aggregating said last-mentioned sum;—

"Now, therefore, for value received, the said Polhemus promises to pay said Johnson said sum of $3,836.74 in the event that said Johnson is not willing that the seven per cent already paid to him should be payment in full of said interest.

"Dated September 11, 1885.

[Signed]                              "C. B. POLHEMUS."

Which agreement is averred to have been delivered to said Johnson.

The execution of the mortgage by defendant Polhemus to Johnson to secure the payment of the promissory note and agreement, are alleged to have been had on the same day and as a part of the same transaction.

It is averred that Johnson never did elect and was never willing to take and receive the interest at the rate of seven per cent, and plaintiffs have never consented or elected so to do; that no moneys have been paid on the promissory note or agreement except $10,000 paid to Johnson on account of the promissory note January 11, 1886, and the sum of $27,757.60 paid to plaintiffs November 15, 1889, "which was applied by plaintiffs first to the payment of the amount of principal and interest due on said agreement, to wit, the sum of $4,955.79; second," etc., showing that the remainder was applied on the

promissory note, leaving a balance due thereon of $4,907.91, with interest from said November 19, 1889, at seven per cent per annum.

It will be observed from the foregoing that plaintiffs applied $4,955.79 of the $27,757.60 paid November 19, 1889, to the payment of the amount then due on the agreement of Polhemus, given on account of interest, and this gives rise to the contention in the case. At the trial the court found that the defendant had at the date of the payment, viz., November 19, 1889, indicated to plaintiff his desire to have the entire $27,757.60 applied to the extinguishment of the note, which it was just sufficient to do, and at the same time insisted that he was in no manner indebted upon the contract. The plaintiffs, however, credited the agreement as above stated, which the court below very properly held they had no right to do. The court finds that no other sums have been paid on the note or agreement than those above mentioned, which would leave the amount due on the agreement unpaid.

The court further finds that Johnson at divers times agreed verbally with Polhemus that he was willing to accept the interest on said first note mentioned in the agreement at seven per cent per annum, as paid by defendant in lieu of ten per cent, and was willing to waive three per cent thereon as provided in the contract, but never gave to Polhemus any written agreement in relation thereto.

The court finds as a conclusion of law that the oral agreement of Johnson did not in law discharge the written contract of September 11, 1885, and as a further conclusion of law held "that no relief is sought in this action in relation to said contract," and as the amount paid by the defendant just paid the note, judgment was rendered in favor of defendant for costs.

The prayer of the complaint asks in the usual form for a decree of foreclosure of the mortgage and sale of the mortgaged premises, and that the proceeds of the sale be applied to the payment of the amount due to plaintiffs as such executors, for the principal sum of such interest and compound interest due and accrued on said promissory note, together with a percentage at the rate of five per cent upon the amount due on said promissory note, etc. The residue of the prayer is in the usual form,

asking that other defendants be barred, that plaintiffs may have a personal judgment for any deficiency, and closes with: "5. For such other and further relief as may be meet and agreeable to equity." Such other facts as are necessary to elucidate the question will be stated in the consideration of the case.

Under the equity practice in vogue before the adoption of the codes, the bill usually contained a prayer for that particular relief to which the complainant considered himself entitled. The usual practice was also to include a prayer for general relief. The object of the latter was to meet cases in which the plaintiff had mistaken the relief to which he was entitled, as under it he was regarded as entitled to any relief agreeable to the case made by the bill. (Story on Equity Pleading, sec. 49.) If he asked particular relief only he was restricted to his prayer by the decree. A court of equity would not, however, even under a prayer for general relief, permit a party to go beyond the general scope of the case made by the bill, and would not ordinarily permit a bill framed for one purpose answer for another and distinct purpose, especially if the defendant might be surprised or prejudiced thereby. (Story on Equity Pleading, secs. 41, 42.)

Our Code of Civil Procedure in prescribing the mode of pleading has adopted the essential elements of the former equity practice. A plaintiff in his complaint must insert a demand of the relief which he claims, and if the recovery of money or damages be demanded, the amount thereof must be stated. (Code Civ. Proc., sec. 426.)

It has been supposed by many that this section has the effect of rendering a prayer for general relief inappropriate. That question need not concern us here, however. Section 580 of the same code provides that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

As there is an answer in this case, we may therefore dismiss from notice the prayer of the complaint, and are only required to look to the case made by the complaint and embraced within the issue.

In the section last quoted our code adheres very closely to the rules in equity; that is to say, in case of default the relief is confined to the relief demanded in the complaint, as was the rule under a prayer for special relief in equity, while in other cases it is extended to granting relief similar to that granted under a prayer for general relief in the chancery courts.

There being an answer in the case, the right of appellants to recover upon the agreement depends, not upon the prayer of their complaint, but upon the scope of that pleading and the issues made, or which might have been made under it.

Turning to the complaint, it will be observed it is averred therein that the promissory note and agreement were made by defendant to plaintiff's testator; that the mortgage was given as security for the payment of the two instruments; that no payments have been made upon the instruments except two certain payments, the first of which was credited upon the note, while the second was appropriated to the payment and satisfaction of the agreement, leaving a balance over which was credited upon the promissory note, and that a balance is due and unpaid of $4,907.91, with interest, etc.

The answer denies the validity and binding force of the agreement as a claim against defendant; avers that Johnson elected and agreed to accept and receive seven per cent, and did receive seven per cent in lieu of ten per cent in said agreement mentioned; denies that plaintiffs applied any part of the payment of $27,757.60 upon the agreement, and avers that at the time the said payment was made he directed plaintiffs to credit the whole thereof upon the promissory note.   Here then were two distinct issues in reference to the agreement: 1. As to its validity as a subsisting claim.   2. As to the fact of its payment.

The court found upon the first issue as a fact, that Johnson in his lifetime did agree verbally with defendant to accept interest on said first note at seven per cent and was willing to waive the three per cent which constituted the obligation of the agreement, but that he never gave to defendant any written agreement in relation thereto.

As a conclusion of law the court held that the verbal agreement of Johnson did not discharge said agreement.

˙ Upon the issue of payment of the sum mentioned in the

agreement, the court found that defendant when he paid the $27,757.60 manifested his desire to have it applied to extinguish the promissory note, and as a conclusion of law held: "That it was the duty of said plaintiffs to so apply said payment."

The findings then show that the agreement was executed and delivered; that the mortgage was given to secure it and the note; that the principal and interest thereon up to November 19, 1889, was $4,961.75; that no payments were made thereon up to September 11, 1885; that the payment of $27,758.22, made on that day, was not properly applicable to satisfy the agreement; that defendant has not paid or tendered any other sum on account of the agreement.

These findings are responsive to the issues made in the case, and establish plaintiff's right to recover upon the agreement, unless they are precluded by failing to indicate in their complaint such facts as demonstrate to a reasonable certainty their right to recover upon the agreement instead of upon the note. They stated issuable facts in reference to the agreement; defendant by his answer took issue upon those facts, and the result was to establish its validity.

In *Harden* v. *Ware*, decided by this court April 7, 1880, 5 Pac. C. L. J. 317 (not reported), a question analogous to that involved in the case at bar was passed upon. The action was upon a promissory note to recover a money judgment. The answer admitted the making of the note, and set up as a defense the execution of a mortgage of even date with the note to secure the payment thereof, which was averred to be in full force and effect. The court below found in consonance with the answer, and held that there could be but one action upon a debt secured by mortgage, and that an action to foreclose, which must be in accordance with chapter 1, title 10, etc., of the Code of Civil Procedure, and gave judgment for the defendant. In reversing the judgment this court held that upon his own allegations plaintiff was entitled to a judgment, and that the answer, showing that the judgment should be different in form from that sought, entitled plaintiff to a decree of foreclosure.

In *Belknap* v. *Sealey*, 2 Duer, 570, it was held that the case made by the defendant's answer furnished a ground of relief to

plaintiff independent of the case made by him in his complaint. The action was brought to recover money paid on a contract for the sale of land, which, as plaintiff charged, defendant fraudulently represented to consist of a much larger area than in fact existed.

The answer denied all fraud, but as the court remarked admitted a mistake as to quantity. The court found that a mutual mistake existed, and a judgment in favor of the plaintiff upon the ground of such mistake was upheld.

*Dayton* v. *Dayton*, 68 Mich. 437, held that a bill for the discharge of a mortgage, on the ground of a tender which proved insufficient, might be retained as a bill to redeem under the general prayer, and an offer in the bill to pay the sum found due. The scope of the case made by the plaintiff and embraced in the bill involved a foreclosure of the mortgage and the ascertainment of the sum due and secured thereby. The amount due upon the promissory note and agreement (their validity established) was a matter of computation; the payments thereon were ascertained. Whether those payments were credited upon the one instrument or the other, or not at all, were matters for the court to determine and adjust with a view to doing justice to the parties, and with the ultimate view of ascertaining the debt due from defendant to plaintiffs and secured by the mortgage.

All these things were within the purview of the issues of this case—were the disputed points to which the parties to the action had narrrowed their several allegations, and upon which they were desirous of obtaining the decision of the proper tribunal, and hence *were embraced within the issues.*

I am of opinion the judgment appealed from should be reversed, and the court below directed to enter a judgment of foreclosure of the mortgage for the sum due upon the agreement set out in the complaint, viz.: $4,961.75, with interest on $3,836.74, the principal sum thereof, from November 19, 1889, at seven per cent per annum.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the court below is directed to

enter a judgment of foreclosure of the mortgage for the sum due upon the agreement set out in the complaint, viz.: $4,961.75, with interest on $3,836.74, the principal sum thereof, from November 19, 1889, at seven per cent per annum.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.

Rehearing in Bank denied.