[Civ. No. 399. First Appellate District.—August 18, 1908.]

J. C. MURPHY, Respondent, v. F. E. STELLING, Appellant.

ACTION FOR BREACH OF WARRANTY—SUFFICIENCY OF PLEADING—REVIEW UPON APPEAL.—Upon appeal from a judgment for damages in an action for a breach of warranty, upon the sale of apricot trees that they were of a specific variety, *held,* that the complaint stated a sufficient cause of action without ambiguity or uncertainty, and that a demurrer thereto was properly overruled.

ID.—SUFFICIENCY OF GENERAL FINDING—UNCERTAINTY IN ELEMENTS OF DAMAGES CONSIDERED—SUPPORT OF JUDGMENT.—Under a complaint alleging separate items of damages for breach of the warranty, in separate sums, besides averring a total damage of $1,553.33, a general finding that all of the allegations of the complaint are true except as to damages, which were fixed at $450, though uncertain as to the elements of damage considered by the court, is sufficient to support the judgment, in the absence of a request for a more specific finding.

ID.—CONSTRUCTION OF FINDINGS—UNCERTAINTY.—Findings which are in any respect uncertain are to be so construed as to support the judgment, rather than to defeat it.

Id.—Argument upon Appeal—Appellant's Points—Opening Brief—Reply Brief.—The points to be urged for the appellant as ground for reversal are required to be presented in the opening brief; and a point urged for the first time in his reply brief may properly be overruled.

Id.—Plea of Statute of Limitations—Finding Against Plea—Appeal upon Judgment-roll—Presumption.—Upon an appeal taken from the judgment on the judgment-roll, without a bill of exceptions presenting the evidence, a finding against a plea that the action is barred by the statute of limitations is conclusive, and the evidence must be presumed to have shown sufficient facts to take the case out of the bar of the statute.

Id.—Statute not Presented by General Demurrer.—A general demurrer does not present the question of the bar of the statute of limitations.

Id.—Jurisdiction to Render Judgment—Absence of Prayer to Complaint—Stipulation Adding Prayer.—When the original complaint contained no prayer for relief, a stipulation adding a sufficient prayer thereto, specified in the stipulation, and stating that the answers of defendants shall stand and be the answer to the complaint as amended, is to be reasonably construed as requiring no further addition to the prayer.

Id.—Trial Without Objection—Waiver.—Where the case was tried without objection that the stipulated prayer was not formerly added to the complaint, it is too late after judgment to object to such omission.

Id.—Effect of Answer—Relief not Limited to Prayer—Jurisdiction.—Where an answer is filed, the court may grant any relief consistent with the case made by the complaint and embraced within the issues, and is not limited to the relief demanded in the prayer. In such case the jurisdiction of the court to grant any particular relief does not depend on the prayer of the complaint, but upon the issues made by the pleadings.

APPEAL from a judgment of the Superior Court of Santa Clara County.    M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John B. Kerwin, for Appellant.

Nicholas Bowden, for Respondent.

HALL, J.—This is an appeal by F. E. Stelling from a judgment rendered against him for damages upon breach of warranty upon a sale of certain apricot trees.

The action was brought against F. E. Stelling and Edward Stelling, but judgment went against F. E. Stelling only, and he alone appeals.

The appeal comes to this court upon the judgment-roll alone, without any bill of exceptions, and was taken more than sixty days after the rendition and entry of judgment.

In the opening brief of appellant but two points are made as grounds for a reversal of the judgment. The first is that appellant's demurrer should have been sustained. The grounds of demurrer stated are that the complaint does not state facts sufficient to constitute a cause of action, and that the complaint is uncertain and ambiguous, for the reason that it cannot be ascertained therefrom whether the plaintiff purchased said trees from this defendant (appellant) or his co-defendant, Edward Stelling, and also that it cannot be ascertained therefrom whether this defendant or his co-defendant made the representations and warranty that the trees were of the Blenheim variety.

Appellant in his brief suggests no reason why the general demurrer should have been sustained, save to say, "We believe the complaint so defective that the general demurrer should have been sustained."

The allegations challenged by the special demurrer are "That on or about the twenty-fifth day of February, 1894, the plaintiff applied to the defendants to purchase apricot trees of the number and variety hereinafter mentioned, and the defendants on said day sold and delivered to the plaintiff five hundred and twenty-one apricot trees, and then and there, at the time of said sale, represented and warranted to said plaintiff that said trees were of the Blenheim variety." This is a clear and precise statement that *the defendants*—that is, both defendants—sold the trees and gave the warranty to plaintiff. It is in no sense ambiguous or uncertain in the regard suggested by the demurrer. The demurrer was properly overruled.

The second point urged for a reversal is that the court failed to find upon material issues.

Plaintiff in his complaint separately alleged several items of damage in different amounts, and followed these several allegations with the general allegation, "That said plaintiff by reason of the premises has sustained great loss and damage in the several amounts hereinabove set forth, that is to

say, in the sum of $1,533.35." Appellant denied each of these allegations. The court found all the allegations of the complaint to be true save as to the allegations of damages, and as to those allegations found, "That plaintiff has sustained damages by reason of the premises in the sum of $450.00," and gave judgment accordingly.

We think this finding sufficient to support the judgment in the absence of any request for a more specific finding.

Facts were alleged that if proven would support such finding. The finding is uncertain, in that it does not appear what elements the court considered in ascertaining the amount of damages, but findings must be construed so as to uphold a judgment rather than to defeat it (*Breeze* v. *Brooks,* 97 Cal. 77, [31 Pac. 742]), and any uncertainty in the findings is to be construed so as to support the judgment rather than to defeat it. (*Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986]; *Krasky* v. *Wollpert,* 134 Cal. 338, [66 Pac. 309].)

In *Foley* v. *Martin,* 142 Cal. 256, [100 Am. St. Rep. 123, 71 Pac. 165, 75 Pac. 842], the court found damages in a lump sum, intended to cover both actual and punitive damages. It was there said: "Neither was it necessary for the court, any more than it would have been for a jury, if the case had been tried before a jury, to segregate in its findings the amount of actual damages from the amount given as exemplary damages, unless requested so to do."

Although the finding in this case is not as certain as it might be, in that it does not indicate what elements the court considered in ascertaining the damages, it substantially disposes of all the issues upon the question of damages, and is sufficient in the absence, at least, of a request for a more specific finding.

This disposes of all the points made by appellant in his opening brief.

In his reply brief he for the first time makes the points that the action was barred by subdivision 1 of section 339, Code of Civil Procedure, and that the court had no jurisdiction to render any judgment because the complaint contains no prayer for any judgment.

Upon these points it is sufficient to say that they should have been presented in the opening brief (*Phelps* v. *Mayers,* 126 Cal. 549, [58 Pac. 1048]; *Webber* v. *Clarke,* 74 Cal. 11, [15

Pac. 431]), but, in addition to this manifest departure from the orderly presentation of questions to be passed on by an appellate court, we find no merit in either of the points. Defendant did not raise the question of the statutory bar by his demurrer, but by his answer he pleaded that the action was barred by subdivision 1 of section 339, Code of Civil Procedure, and by subdivision 4 of section 338, Code of Civil Procedure. The court found the facts against him upon the issues presented by these pleas. The evidence is not before us, and the findings of fact made by the court cannot upon this appeal be attacked. Section 338, Code of Civil Procedure, has no application to the cause of action set forth; and as to section 339, the action may have been taken out of its operation by proof that the warranty sued on was in writing signed by defendant, or that defendant had been absent from the state for a sufficient length of time to prevent the bar of the statute. Upon the issue raised by defendant's plea of the bar of the statute, the court found the facts against defendant, and upon the record before us we cannot review this finding. A general demurrer does not present the question of the bar of the statute of limitations (*Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848].)

Regarding the second point, that the court had no jurisdiction to render any judgment because the complaint contains no prayer for relief, plaintiff, upon suggestion of a diminution of the record, was allowed to file a certified copy of a stipulation filed in the trial court, which we think supplied the defect of the complaint. This stipulation is signed by the attorneys for both parties to this appeal, and is indorsed "Stipulation adding prayer to complaint and amending same accordingly." It is in the words as follows: "It is hereby stipulated by and between the parties hereto that the complaint of plaintiff shall stand and be amended by the addition of the following prayer thereto, namely: Wherefore, plaintiff prays the judgment of said court against the said defendants for the sum of $1,533.35, together with his costs herein expended. And that the answers of said defendants shall stand and be the answers to said complaint as amended." This prayer was not in fact written into the complaint or otherwise added thereto, save by filing the stipulation above set forth; but the cause was subsequently tried without objection. Under these circumstances a reasonable construction of

the stipulation is that no further addition to the prayer was necessary or contemplated. The defendant, by the filing of the stipulation, had full notice of the relief desired by plaintiff, and proceeded to trial without objecting that the prayer had not been formally added to the complaint, and it is now too late after judgment to object to such omission. It is perfectly clear that, by the irregularity now complained of, defendant suffered no substantial injury, and the case is quite within the rule laid down in section 475, Code of Civil Procedure. Where an answer is filed, as in this case, the court may grant plaintiff any relief consistent with the case made by the complaint and embraced within the issue, and is not limited to relief demanded in the prayer. (Code Civ. Proc., sec. 580.) In such case the jurisdiction of the court to grant any particular relief does not depend on the prayer of the complaint, but upon the issues made by the pleadings.

The judgment is affirmed.

Kerrigan, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1908.