[Civ. No. 4428. First Appellate District, Division One.—June 21, 1923.]

R. F. McKESSON, Respondent, v. ISRAEL HEPP, Appellant.

[1] PLEADING—COMPLAINT—ANSWER—ISSUES—PRAYER—AMENDMENT—RELIEF.—In an action to recover a sum due for goods sold and delivered, in which the defendant files an answer and counterclaim, the trial court may, under section 580 of the Civil Code, grant the plaintiff relief in addition to that sought in his complaint, without an amendment for that purpose alone, when such relief is not inconsistent with the pleadings and the issues tried.

[2] ID.—WAIVER OF FINDINGS—EXCESSIVE JUDGMENT — APPEAL — REVERSAL.—Where findings in such an action are waived but the record on appeal from the judgment in favor of the plaintiff shows, without conflict, that defendant was entitled under one of his items of counterclaim to a certain credit and that, therefore, the judgment to that extent, with the interest allowed thereon, is excessive, the appellate court being without authority to make findings upon the subject, the judgment must be reversed unless the excess is remitted.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed conditionally.

The facts are stated in the opinion of the court.

Owen D. Richardson for Appellant.

James M. Thomas for Respondent.

TYLER, P. J.—This action was brought to recover the sum of $467.46 for goods sold and delivered, with interest thereon from October 21, 1921. The complaint was filed November 25, 1921. The answer denied the indebtedness and set up a counterclaim in the sum of $164.09. The case went to trial and plaintiff recovered judgment on June· 23, 1922, for the sum of $474.66, with interest from the sixteenth day of July, 1921, amounting to the sum of $7.20.

Upon both principal and interest, it will be noticed, the judgment is in excess of the amount prayed for.

Findings were waived.

The evidence upon the trial—which is before us—shows without conflict that defendant was entitled to a credit in the sum of $44.09 under one of the items of his counterclaim. Defendant sought to have the matter corrected upon motion for a new trial. His motion was denied. He is here asking for a modification of the judgment. There is no contention with reference to this state of the record. At the hearing of the motion for a new trial plaintiff contended, and does here, that inasmuch as findings were waived the defendant is in no position to take advantage of the situation and is without remedy.

[1] The judgment, in so far as it awards plaintiff an amount in excess of that which he prayed for, is not for that reason objectionable. Section 580 of the Code of Civil Procedure provides: ''The relief granted to plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.'' The relief provided for by this section is confined in case of default to that demanded in the complaint, as was the rule under a prayer for special relief in equity; while in other cases it is extended to granting relief similar to that granted under a prayer for general relief in chancery courts. (*Johnson* v. *Polhemus,* 99 Cal. 240 [33 Pac. 908].) The

section is but a concise statement of the rule observed upon the subject of relief in courts of equity (*Moch* v. *Santa Rosa*, 126 Cal. 330 [58 Pac. 826]). A court may, therefore, under the section grant additional relief under the original complaint, without an amendment thereof for that purpose alone, when the relief is not inconsistent with the pleadings and the issues tried (*Kent* v. *Williams*, 146 Cal. 3 [79 Pac. 527]; *Securities Loan Co.* v. *Boston etc. Fruit Co.*, 126 Cal. 418 ]58 Pac. 941, 59 Pac. 296]; *Murphy* v. *Stelling*, 8 Cal. App. 702 [97 Pac. 672]). Here there is evidence to show that plaintiff was entitled to the additional amounts allowed him. This being so, there is no merit in appellant's contention that the relief granted should have been confined to the amount stated in the prayer of the complaint.

[2] The evidence, however, shows, and without conflict, that defendant was entitled under one of his items of counterclaim to a credit of $44.09 for freight paid by him. The judgment, therefore, to this extent, with the interest allowed thereon, is excessive. We are without authority to make findings upon the subject, and the judgment must accordingly be reversed unless the excess is remitted. If respondent shall within thirty days file in this court a stipulation to the effect that the judgment may be modified by reducing the amount $49.10, with the interest allowed thereon, the judgment thus modified is affirmed; otherwise it is reversed. The appellant shall recover costs on this appeal in either event.

Richards, J., and St. Sure, J., concurred.