[Civ. No. 7419. First Appellate District, Division One.—December 19, 1930.]

F. O. DU PONT, Appellant, v. WILBUR J. ALLEN, Respondent.

542

Henry B. Lister and Simeon E. Sheffey for Appellant.

Bronson, Bronson & Slaven and Gordon S. Keith for Respondent.

TYLER, P. J.—Action to recover the purchase price of personal property. The subject of the sale consisted of the equipment and good will of a certain garage. The property was sold under a conditional sales contract. The purchase price was $5,500. Pursuant to the terms of the contract, defendant paid to plaintiff the sum of $3,000 at the time of its execution, and agreed to pay the balance on or before a certain date with interest at the rate of seven per cent per annum. Defendant having failed to pay, plaintiff commenced an action for said unpaid balance with interest and subsequently took possession of the property and converted the same to his own use. Defendant filed an amended answer and cross-complaint. In the second count thereof he alleged the value of the property converted by plaintiff to be $5,500 and that by reason of the conversion he was damaged in the sum of $3,368, the amount of principal and interest he had paid under the contract.

The court found that by reason of the commencement of the action against defendant for the full unpaid balance due under the contract, the title to the property thereby became vested in defendant and the subsequent taking of the same by plaintiff constituted a conversion. The court further found 'the value of the property at the time of conversion to be $4,950. As conclusions of law, the court found as follows: That plaintiff was entitled to the balance of the purchase price due from defendant amounting to the sum of $2,500, together with interest from the date of the execution of the contract amounting to $350 and an attorney's fee of $250, making a total of $3,100; that defendant was entitled to recover from plaintiff the reasonable value of the property converted, which was fixed at $4,950; that the sum of $3,100 due from defendant to plaintiff should be offset against the sum of $4,950 due from plaintiff to defendant; that defendant was therefore entitled to a judgment against plaintiff for the sum of $1850.

Plaintiff appeals from the judgment in favor of defendant on his cross-complaint and he contends that by reason of the allegation of and prayer for damages in the sum of $3,368 instead of $5,500, the alleged value of the property, defendant's measure of damage on his cross-complaint thereby became limited to $3,368 and that deducting therefrom the sum of $3,100, which the court found to be due from defendant to plaintiff, the net relief due to defendant amounted to $268 instead of $1850, as found by the court. There is no merit in the contention. It is true that defendant erroneously concluded that his measure of damage was the amount he had paid under the contract, plus interest, instead of the reasonable value of the property at the time of the conversion. All of the allegations of defendant contained in his cross-complaint, however, were denied by plaintiff. The reasonable value of the property having been alleged to be $5,500, its value was directly put in issue. This being so, the amount erroneously demanded in the prayer became immaterial, as the relief granted is consistent with the law and embraced within the issues. (Code Civ. Proc., sec. 580.) *Kimbal* v. *Swenson*, 51 Cal. App. 361, 366 [196 Pac. 781]. The relief embraced within the issue was the damage for plaintiff's conversion. Issue having been joined on this subject, the judgment

properly followed the measure of damage prescribed by the code for such cases. (*Johnson* v. *Polhemus,* 99 Cal. 240 [33 Pac. 908].).

 Plaintiff further complains of the lack of an express finding as to the amount of damage suffered by defendant. The court, as above recited, found that the property was wrongfully converted and that its reasonable value at that time was $4,950. This being so, it necessarily follows what damage accrued to defendant. (*McCray* v. *Burr,* 125 Cal. 638 [58 Pac. 203].)

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.