[Civ. No. 13111.  Second Dist., Div. Two.  Dec. 8, 1941.]

JAMES ROBERT BROOKS, Appellant, v. BESSIE MARIE BROOKS, Respondent.

Newby & Newby and Nathan Newby for Appellant.

Perry F. Backus for Respondent.

McCOMB, J.—From a judgment in favor of defendant predicated upon the sustaining of a demurrer to the complaint without leave to amend in an action to recover the consideration paid pursuant to the terms of an alleged void contract, plaintiff appeals.

The complaint alleges in substance the following:

On or about April 27, 1932, plaintiff who since 1895 had been completely paralyzed from his waist to and including his feet employed defendant as his nurse and agreed to pay her $80 per month for her services and to furnish board and room for herself and a minor son. Defendant continued as

such nurse until September 23, 1936, when she told plaintiff that she would not continue longer in his services but would leave him immediately unless he married her. Defendant stated to plaintiff that, if he would marry her, all she would ask of him after marriage would be the payment of $80 per month and room and board for herself and her minor son as long as the son needed it and that she would continue to render to plaintiff efficient services as nurse and housekeeper. Plaintiff, relying upon her promises, agreed to compensate her in accordance with her request and married defendant on September 29, 1936. June 28, 1940, defendant voluntarily left plaintiff against his consent and has since lived separate and apart from him. From the period of her marriage until June 28, 1940, pursuant to their agreement, plaintiff paid defendant $3630. The prayer of the complaint seeks to recover a judgment against defendant for the sum just mentioned.

For the purpose of this appeal we will assume that the facts well pleaded are susceptible of proof.

These are the questions necessary for us to determine:

*First: In view of the fact that it appears from the face of the complaint that certain sums which plaintiff seeks to recover are barred by the statute of limitations, leaving a balance of less than $2000, did the superior court have jurisdiction of the action?*

*Second: Was the oral agreement set forth* supra *between plaintiff and defendant contrary to public policy and, therefore, void?*

The first question must be answered in the affirmative. The law is established in California that, where a complaint alleges that certain sums are due and seeks a total recovery in excess of the jurisdictional minimum of the superior court, such complaint states a cause of action within the jurisdiction of that court, even though it may appear from the face of the complaint that some of the recovery sought may be defeated by application of the statute of limitations (*Bank of America etc. Assn.* v. *Ames,* 18 Cal. App. (2d) 311, 314 [63 Pac. (2d) 1208]). The instant case falls clearly within the foregoing rule, in view of the fact that plaintiff sought to recover the total sum of $3630.

The second question must likewise be answered in the affirmative. In the absence of statute it is the established

rule that a married woman cannot contract with her husband with respect to domestic services which are incidental to her marital status, since such contracts are against public policy (*Coleman* v. *Burr*, 93 N. Y. 17 [45 Am. Rep. 160]; see also *Estate of Sonnicksen*, 23 Cal. App. (2d) 475 [73 Pac. (2d) 643]; *Wren* v. *Wren*, 100 Cal. 276, 280 [34 Pac. 775, 38 Am. St. Rep. 287]).

The reason for the above stated rule is clearly set forth in *Coleman* v. *Burr, supra,* by Mr. Justice Earl at page 25 as follows:

"Whatever services a wife renders in her home for her husband cannot be on her sole and separate account. They are rendered on her husband's account in the discharge of a duty which she owes him or his family, or in the discharge of a duty which he owes to the members of his household.

"It would operate disastrously upon domestic life and breed discord and mischief if the wife could contract with her husband for the payment of services to be rendered for him in his home; if she could exact compensation for services, disagreeable or otherwise, rendered to members of his family; if she could sue him upon such contracts and establish them upon the disputed and conflicting testimony of the members of the household. To allow such contracts would degrade the wife by making her a menial and a servant in the home where she should discharge marital duties in loving and devoted ministrations, and frauds upon creditors would be greatly facilitated, as the wife could frequently absorb all her husband's property in the payment of her services, rendered under such secret, unknown contracts."

In California there is no statute permitting a wife to contract with her husband relative to domestic services and services which are incidental to the marital status.

Section 159 of the Civil Code reads thus:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

It is obvious that housekeeping and nursing a sick or invalid spouse is an incident of the marital status and does not fall within the exceptions stated in the Civil Code section just quoted. Such services have no relation to the prop-

erty of the husband or wife, and in the instant case, since there was no separation, the agreement did not fall within the exception which authorizes an agreement to provide for the support of either spouse or their children (*Brown* v. *Brown,* 83 Cal. App. 74, 82 [256 Pac. 595]).

It is likewise settled that, where a party pays a consideration pursuant to the terms of a *void* agreement, he may immediately sue to recover the amount of such payments where, as in the instant case, the parties are not *in pari delicto* (*Smith* v. *Bach,* 53 Cal. App. 63, 64 [199 Pac. 1106] ; *McAllister* v. *Drapeau,* 14 Cal. (2d) 102, 112 [92 Pac. (2d) 911, 125 A. L. R. 800] ; Restatement of the Law of Contracts (1932), vol. II, p. 1120, sec. 604).

Applying the foregoing rules to the facts alleged in the complaint in the instant case, it appears that defendant entered into an agreement to render services which she was bound to render as being incidental to her marital status with plaintiff and that the sums paid to her by plaintiff were for such services and that, since such an agreement is void as against public policy, there was no consideration for the sums of money which plaintiff paid defendant and he was entitled to bring an action to recover them.

In view of the conclusions which we have reached, it is unnecessary to discuss the applicability of the statute of frauds (sec. 1624, Civ. Code) to the facts of the present case.

For the reasons above stated the judgment is reversed with directions to the trial court to permit defendant a reasonable time to answer if she be so advised.

Moore, P. J., and Wood (W. J.), J., concurred.