255 P.2d 825]

## Appellate Department, Superior Court, Kern

[Civ. A. No. 4. Apr. 1, 1953.]

MARVIN BERRY, Respondent, v. DON SKONE et al., Appellants.

Deadrich, Gill & Bates for Appellants.

West, Vizzard, Howden & Baker for Respondent.

BRADSHAW, J.—B and S in March or April of 1951 entered into an oral agreement to form a joint venture for the production, processing and marketing of certain vegetable crops. They were to share losses and profits equally. One of the projects in which they engaged was that of the purchase of 40 acres of growing celery. Toward the end of the season this celery crop did not appear to be a promising venture, and there was considerable discussion between the joint venturers about giving it up or turning it back to the original grower. The testimony of S is to the effect that B gave up all interest in the crop and relinquished it entirely to S. This was in December, 1951. On or about the 15th of December, 1951, the parties mutually agreed to dissolve the joint venture and on January 11, 1952, made an accounting as of December 31, 1951, as to all matters except the celery crop. At that time, to wit: on January 11, 1952, the celery crop had been completely gathered and marketed, but the final returns on the proceeds had not been received. Subsequently payment was received by S for the celery that had been sold and B demanded one-half of the profits thereof, the total amount of which was $2,883.02. S declined to pay any part of this to B contending that the accounting on January 11th was a complete accounting as to all matters and that B had in effect disclaimed all interest in the celery deal. In the accounting of January 11th, proceeds in excess of $30,000 were divided. B as plaintiff brought this action for money had and received and for an account stated based on the returns from the celery crop alone. S as defendant answered by way of general denial and as an affirmative offense alleged that the accounting and dissolution of January 11th was complete and conclusive of all claims between the parties;

and also pleaded a lack of jurisdiction of the municipal court. The pleadings present the issues first, of whether the accounting of January 11th was a full and complete settlement of all matters between the joint venturers and second, assuming it were not a complete settlement, whether one joint venturer may sue another in an action at law upon matters involving the joint venture.

The trial court gave judgment in favor of the plaintiff for one-half of the proceeds of the celery crop, and the defendant appeals from that judgment and urges as grounds of reversal the following: (1) Lack of jurisdiction of the municipal court; (2) insufficiency of the evidence to support the judgment; and (3) errors in the admission of evidence.

 The question of whether or not the parties had agreed to make a full and complete settlement or to leave the item of the celery crop for further adjustment is a matter of the credibility of witnesses and the interpretation of the evidence. The evidence is definitely conflicting, and it is the discretion of the trial court to resolve the conflict; its findings will not be disturbed on appeal if there is substantial evidence to support them.

The trial court found in effect that there was an agreement to leave the matter of accounting on the celery crop for adjustment at a later date. Accepting this finding of the trial court that there was such an agreement and that the unadjusted item of the celery crop had been omitted from the original accounting to be settled at a subsequent date, it is clearly the law that one joint venturer under those circumstances may bring an action at law against the other joint venturer for the adjudication of the remaining item (*Hall* v. *Hagerman*, 107 Cal.App.2d 523 [237 P.2d 80]).

 As a further ground for reversal the appellant urges that the municipal court did not have jurisdiction to try this case. The basis for this contention is that the total amount involved in the transactions and settlement between the parties was in excess of $3,000. This proposition necessarily assumes that the settlement and accounting of January 11th must be included in determining the question of the court's jurisdiction; but this is contrary to the authorities cited and the conclusion reached in the preceding paragraph (*Hall* v. *Hagerman*, *supra*). The case cited supports the proposition that the suit in the instant case is a proper one under the circumstances, and we do not know of any principle of law that requires it to be related back to the accounting

in order to determine the matter of jurisdiction. The most frequently used yardstick to determine jurisdiction of the court in actions for money judgments is the amount in controversy as indicated by the prayer of the complaint. It would follow, therefore, that if the municipal court had jurisdiction to try the case it must necessarily admit evidence pertaining to the facts of the subject matter in dispute, and no prejudice or error appears in the record as to the evidence so admitted.

In regard to the second cause of action, there does not appear to be sufficient evidence to support a finding that there was actually an account stated agreed to. But in view of the foregoing opinion regarding the first cause of action it is not necessary to determine the question whether an action in an account stated has been established.

The judgment is therefore affirmed.

Lambert, P. J., and Main, J., concurred.