BISHOP, Acting P. J.
 

 We see no escape from the conclusion that the judgment, awarding the plaintiff $2,614.98 upon certain conditions, must be reversed because the trial court was without jurisdiction of the case when the judgment was made and entered.
 

 The events leading to the situation that we deem fatal to the judgment are a bit unusual. The action as brought was one within the jurisdiction of the municipal court. Framed in three causes of action, the complaint alleged, first of all, an action to recover the payments made upon a contract (as amended by a second) induced by fraud and which plaintiff had and still sought to rescind. These payments, including a $500 Cadillac, were alleged to be $2,854.10. The second cause of action was based on the claim that the contracts, which were conditional sales contracts, were void because of failures to comply with section 2982 of the Civil Code. The third cause of action may be ignored because it was only an endeavor to plead as a common count one or the other of the causes already pleaded.
 
 (Wellman
 
 v.
 
 Security-First Nat. Bank
 
 (1951), 108 Cal.App.2d 254, 263-264 [238 P.2d 679, 684].) By her prayer, the plaintiff asked to have the contracts cancelled; for judgment for $2,854.10; “and for such other and further relief as to the court seems just and proper.”
 

 This complaint—presenting an action within the jurisdiction of the municipal court (Code Civ. Proc., §89)—was filed November 27, 1953. The two defendants answered and the
 
 *Supp. 800
 
 case went to trial on July 8, 1954. Early in the proceedings it was stipulated that the plaintiff had paid to the defendants, in one way or another, a little over $3,600. The defendants, on July 9, filed cross-complaints in which they sought to recover for the reasonable use of the Cadillac during the months that the plaintiff had driven it, “but not to exceed $2999.”
 

 The case was submitted for decision on July 9. In a statement, filed a few days later, the trial judge expressed his opinion that the contracts were void, because of noncompliance with section 2982, Civil Code, and that as a consequence the plaintiff was entitled to recover the total of her payments plus a penalty, altogether $4,614.98, less the reasonable value of the use of the ear, determined to be $2,000. Judgment in plaintiff’s favor was entered July 22, 1954, for $2,614.98. A motion for a new trial was made in September, and, in lieu of granting it, the judgment was set aside; the case reopened for further proceedings; plaintiff was given permission “to file amendment to the complaint to conform to proof”; defendants were given permission to answer the amendment; and all parties given permission to introduce additional evidence.
 

 The plaintiff did file, September 21, her “amendment to complaint, ’ ’ in which she alleged that since the commencement of this action she had paid the defendants “the further sum of $1000 ’ ’ upon the contracts. No attempt was made to amend the prayer of the original complaint, when this supplemental complaint was filed, and it contained no prayer of its own. The defendant now appealing filed an answer in which it placed the amount plaintiff had paid since the action was filed at $984, not $1,000. With the record in this condition, no further evidence being introduced by either party, judgment was again ordered for the plaintiff, and a judgment was entered, October 25, 1954, for $2,614.98. It is from this judgment that the defendant Rosinsky Motor Company appeals.
 

 So far as we are aware, no decided case exists that entirely fits all facts of this one, but we do have a number of principles established that direct us to the correct conclusion.
 

 First of all, a superior court and a municipal court do not have concurrent jurisdiction over any action; jurisdiction is in one or the other. (Const., art. VI, § 5;
 
 Norton
 
 v.
 
 Baranov
 
 (1935), 4 Cal.2d 443, 444 [50 P.2d 67, 68]), and case cited.)
 

 A municipal court, having jurisdiction of a case, has
 
 *Supp. 801
 
 authority to permit an amendment that results in depriving the court of continued jurisdiction.
 
 (Thomasian
 
 v.
 
 Superior Court
 
 (1953), 122 Cal.App.2d 322, 336 [265 P.2d 165, 176].) The fact that the judgment was for an amount within the jurisdiction of the municipal court does not mean that jurisdiction was not in the superior court.
 
 (Sellery
 
 v.
 
 Ward
 
 (1942), 21 Cal.2d 300, 304 [131 P.2d 550, 552]; and cases cited.) Nor is the jurisdiction of the superior court defeated by the possibility or probability that a good defense exists to enough of the demand made in the complaint, so that the amount awarded in the judgment will be less than the sum chosen to determine jurisdiction.
 
 (Bank of America
 
 v.
 
 Ames
 
 (1936), 18 Cal.App.2d 311, 314 [63 P.2d 1208,1210] ;
 
 Brooks
 
 v.
 
 Brooks
 
 (1941), 48 Cal.App.2d 347, 349 [119 P.2d 970, 972].)
 

 Our legal literature is not without such statements as this: “The most frequently used yardstick to determine jurisdiction of the court in actions for money judgments is the amount in controversy as indicated by the prayer of the complaint.”
 
 (Berry
 
 v.
 
 Skone
 
 (1953), 118 Cal.App.2d Supp. 875, 877 [255 P.2d 825, 826].) However, it is settled that the ultimate test of jurisdiction is not the prayer but the facts alleged in the complaint. “Appellant is mistaken in her contention that the sum demanded in the prayer of the complaint is the final test of jurisdiction. None of the cases cited by her, and none ever called to our attention, go to the length of holding that the prayer, irrespective of the allegations of the complaint, concludes an examination into the real amount in controversy.”
 
 (Demartini
 
 v.
 
 Marini
 
 (1920), 45 Cal.App. 418, 420 [187 P. 985, 986].) We find this observation about an earlier case in
 
 Consolidated Adjustment Co.
 
 v.
 
 Superior Court
 
 (1922), 189 Cal. 92, 94 [207 P. 552, 553] : “In
 
 Lenhardt
 
 v.
 
 Jennings,
 
 119 Cal. 198 [48 P. 56, 51 P. 195], the court had under consideration the question whether the prayer of the complaint, or the facts stated therein, constituted the determining factor in ascertaining whether the demand in suit amounted to $300, and it determined that the amount demanded was not conclusive, but that the allegations of fact were determinative of the question. ...” We find supporting this same conclusion:
 
 Trinidad Bean & Elev. Co.
 
 v.
 
 Superior Court
 
 (1932), 128 Cal.App. 355, 357 [17 P.2d 153] ;
 
 Larson
 
 v.
 
 Du Bain
 
 (1934), 135 Cal.App. 433, 434 [27 P.2d 393];
 
 Lesser
 
 v.
 
 Pomin
 
 (194), 3 Cal.App.2d 117, 123 [39 P.2d 451,
 
 *Supp. 802
 
 453], and
 
 Sellery
 
 v.
 
 Ward, supra,
 
 21 Cal.2d 300, 304 [131 P.2d 550, 552].
 

 Without doubt, at the time when the trial court undertook to render its judgment, the complaint, as amended or supplemented, revealed a cause of action for more than $3,000. There remains one question: Did the fact that in her prayer plaintiff asked for less than $3,000 keep jurisdiction of the action out of the superior court ? The cases require a negative answer to this question.
 

 The authority most nearly in point is
 
 DuPont
 
 v.
 
 Allen
 
 (1930), 110 Cal.App. 541, 543-544 [294 P. 409, 410]. This was an action to recover $2,500 upon a contract for the sale of some goods, $3,000 having been paid. Shortly after filing' his complaint, the plaintiff took possession of the goods and made use of them. The defendant answered and in addition filed a cross-complaint in which he alleged the value of the goods to be $5,500; that plaintiff had converted them to his own use, and that by reason thereof he (the cross-complainant) had been damaged $3,368 (the amount of principal and interest he had paid.) After a trial, it was determined that the plaintiff was entitled to $3,100 (principal, interest and attorney’s fee); that by bringing the action, title to the goods had passed to the defendant; that the goods were worth
 
 $4,950;
 
 the plaintiff had converted them to his use; and judgment was entered awarding the cross-complainant $1,850.
 

 In his appeal from the judgment just referred to the plaintiff contended that, inasmuch as the prayer of the cross-complaint was for $3,368, that was the limit of the amount that could be awarded the cross-complainant; and that the $3,100 should have been deducted from the amount the cross-complainant had prayed for. The contention met with judicial disfavor. After calling attention to the fact that the allegations of the cross-complaint concerning value had been denied, the appellate court continued: “This being so, the amount erroneously demanded in the prayer became immaterial. ...” This decision is in harmony with the run of the cases which agree that if the defendant has answered, the prayer of the complaint imposes no limitation upon the judgment. “. . . we may therefore dismiss from notice the prayer of the complaint, and are only required to look to the case made by the complaint and embraced within the issue.
 

 . . . There being an answer in the case, the right of appellants to recover upon the agreement depends, not upon the prayer of their complaint, but upon the scope of that plead
 
 *Supp. 803
 
 ing and the issues made, or which might have been made under it.”
 
 (Johnson
 
 v.
 
 Polhemus
 
 (1893), 99 Cal. 240, 244-245 [33 P. 908, 909], See also
 
 Nathan
 
 v.
 
 Dierssen
 
 (1913), 164 Cal. 607, 610-611 [130 P. 12, 14];
 
 Baar
 
 v.
 
 Smith
 
 (1927), 201 Cal. 87, 97-99 [255 P. 827, 831-832];
 
 Murphy
 
 v.
 
 Stelling
 
 (1908), 8 Cal.App. 702, 706-707 [97 P. 672, 674];
 
 McKesson
 
 v.
 
 Hepp
 
 (1923), 62 Cal.App. 619, 620-621 [217 P. 802].)
 

 A municipal court, of course, would have jurisdiction to try a case where the complaint alleged facts revealing a good cause of action for a sum over $3,000, provided that the excess over $3,000 was remitted (note next to last paragraph of Code Civ. Proc., § 396). We are inclined to conclude that if a complaint alleges facts entitling the plaintiff to more than $3,000, but ends with a prayer for some sum not over $3,000, that the prayer should be construed as remitting all above the amount prayed for. That, however, was not the situation in the case under review. In our case the original complaint alleged facts showing that $2,854.10 was due the plaintiff, and prayed judgment for that amount. Here, plainly, was no remission of any excess. Had the plaintiff desired to remit any money due her in excess of that originally sought, there would have been no occasion whatever to amend her complaint to conform to proof, and when the amendment was made the failure to change the prayer is not susceptible of interpretation as a waiver of any part of the amount sought by the amendment. Under the facts of our case, a cause of action for at least $3,854.10 was alleged; no part of it was remitted; the trial court had no jurisdiction to proceed to render judgment.
 

 The judgment is reversed, with directions to the trial court to transfer the action to the Los Angeles Superior Court.
 

 Patrosso, J., and Swain, J., concurred.