[Civ. No. 18810.   First Dist., Div. Two.   July 25, 1960.]

KENTNER TRUCK LINE, INC. (a Corporation), Respondent, v. MAIER BREWING COMPANY (a Corporation), Appellant.

90

G. Vernon Brumbaugh for Appellant.

Robert E. Phelan and Vernon W. Humber for Respondent.

SHOEMAKER, J.—Plaintiff Kentner Truck Line, Inc., a radial highway common carrier, in a complaint of three counts, sued defendant Maier Brewing Company for undercharges growing out of transportation services furnished between the years 1952-1954 inclusive. Each count carried a demand for somewhat less than the jurisdictional amount of the superior court but the total fulfilled this requirement. A demurrer was filed to each count. It was overruled as to count one but was sustained as to counts two and three on the ground that said counts were barred by the statute of limitations. Following trial by court, judgment was entered for plaintiff on the first count in the sum of $2,531.36 which included $73.73 in federal taxes, from which judgment defendant appeals.

The facts are not in dispute. During the years 1953 and 1954 defendant kept one million or more pounds of rice on

hand at the premises of its supplier, C. E. Grosjean Rice Milling Company, in San Francisco. Defendant's president testified that in January of 1953 a representative of plaintiff quoted a price of about 36 or 37 cents per 100 pounds for the bulk shipping by truck of said rice from San Francisco to defendant's place of business in Los Angeles. He stated, "The rate was based on 80,000 pounds rail."

Plaintiff introduced into evidence one copy of a bill of lading and two copies of a freight bill for each of 49 shipments, these documents bearing various dates from March 5, 1953, to May 10, 1954 (Plaintiff's Exhibit No. 1). The bills of lading are signed by a representative of defendant and defendant was billed for each of these shipments at the agreed rate of 37 cents and paid said bills in accordance with their terms.

Plaintiff's case was presented on the theory that the billing at the above-mentioned rate was erroneous, inasmuch as that rate is lower than the minimum tariff prescribed by the Public Utilities Commission for such shipments. Plaintiff showed that the rate actually charged was a rail rate applicable to the product here involved only when shipments thereof are in quantities of at least 60,000 pounds. No single shipment in the instant case weighed more than 43,000 pounds (Plaintiff's Exhibit No. 1).

Plaintiff also introduced into evidence the tariff regulations promulgated by the Public Utilities Commission (Plaintiff's Exhibit No. 2) and prayed judgment for the minimum charges specified therein which it alleged to be yet unpaid, plus the taxes aforementioned. The court's findings are in substantial harmony with the plaintiff's contentions.

There is no question but that a contract for a rate lower than that prescribed by the Public Utilities Commission is nugatory and a recovery for such undercharge may be had (*Hischemoeller* v. *National Ice etc. Storage Co.* (1956), 46 Cal.2d 318 [294 P.2d 433]). However, defendant contends that the superior court was without jurisdiction to hear and determine the matter and, in this connection, argues that although the complaint originally involved claims totaling $3,017.10, this amount was reduced to $2,661.77 (the prayer of count one) by virtue of the action of the trial court in sustaining the demurrer to the second and third counts of said complaint and that this amount is clearly within the jurisdiction of the municipal court. This contention seems plausible but the law of California is to the contrary. ▮ The rule is that a complaint which seeks a total recovery of an amount

in excess of the superior court's jurisdictional minimum states a cause of action within that court's jurisdiction even though it may appear from the face of the complaint that some of the recovery sought may be defeated by application of the statute of limitations (*Brooks* v. *Brooks* (1941), 48 Cal.App. 2d 347, 349 [119 P.2d 970]).

While it is true that the effective demand of the complaint must be made in good faith (13 Cal.Jur.2d 574), there is no indication that such is not the situation here.     The statute of limitations is a defense which must be properly raised else it is waived. If a plaintiff trims his demand and initially files his action in an inferior court he prematurely concedes the conclusiveness of a defense which a defendant might neglect to plead or be unable to prove (1 Witkin, California Procedure, 292). Appellant cites *Demartini* v. *Marini* (1920), 45 Cal.App. 418 [187 P. 985], as authority to the contrary, but in that case the plaintiff did not state a cause of action in the first count of her complaint and under the facts alleged could not. The remaining counts did not involve a total sum within the jurisdictional limits of the superior court and a demurrer on that ground was properly sustained without leave to amend.

Defendant next contends that because it neither signed nor received either the bills of lading pertaining to the subject shipments or copies thereof, it is not a party thereto and hence cannot be bound by their terms. This contention is answered by section 2126i of the Civil Code which provides that ''Except as otherwise provided in this article where a consignor receives a bill and makes no objections to its terms or conditions at the time he receives it, neither the consignor nor any person who accepts delivery of the goods . . . shall be allowed to deny that he is bound by such terms and conditions, so far as they are not contrary to law or public policy.'' The bills of lading in the instant case provide that ''The owner or consignee shall pay the freight and average, if any, and all lawful charges accruing on said property . . .'' (§ 7).

Furthermore, although the shipper is presumably the consignor and his promise to pay the charges may ordinarily be inferred, this inference may be rebutted and it may be shown by the bill of lading or otherwise that he was not acting in his own behalf, that this fact was known to the carrier, and that the parties intended that the consignee should assume such obligation (*New York Central R.R.* v. *F. H. Buck Co.* (1935), 2 Cal.2d 384 [41 P.2d 547]). The undisputed evidence

of the parties' negotiations prior to the first of said shipments, and of defendant's ownership of the rice which constituted the subject matter thereof, is clearly sufficient to show the existence of the knowledge and intent necessary to establish the latter's liability.

█ Defendant also urges that it was plaintiff's duty to comply with the terms of Item 85-A of Highway Carriers' Tariff Number 2 and that had it done so the rate which was actually charged and paid would have been applicable. That section provides in part that multiple pickups by a carrier shall constitute a single composite shipment for purposes of rate computation *if* (1) the entire shipment is delivered at one time, (2) a single shipping document for the entire shipment delivered is issued prior to or at the time of the first pickup and (3) the entire shipment is picked up within a period of two consecutive days (Plaintiff's Exhibit No. 2, p. 16-A).

Defendant refers to no authority which recognizes the existence of a duty on the part of a carrier to so manage the affairs of a consignor as to specify the size of his shipments. Our own research has produced none and in our opinion no such duty exists.

█ Finally defendant contends that because it was not a party to the bills of lading, plaintiff's action is not upon any contract, obligation or liability founded upon an instrument in writing and that said claim is therefore barred by the statute of limitations. This position has been decided adversely to defendant. In *Pioneer Fruit Co.* v. *Southern Pacific Co.* (1920), 47 Cal.App. 44 [190 P. 50], it was held that a bill of lading constituted not only a receipt as to the amount and type of goods shipped but also a contract to which the four-year limitations period applies. Additionally defendant signed a freight bill upon its receipt of each shipment. Each such bill contains a clause which states ''The acceptance of this shipment constitutes an obligation to pay collect charges if so billed.'' The trial court concluded that the four-year statute of limitations applies to plaintiff's claim whether it is based upon the bills of lading or upon the freight bills. Such conclusion was correct.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.