[S. F. No. 2650. Department One.—July 2, 1903.]

AMELIA D. BARNUM, Respondent, v. JAMES W. COCHRANE et al., Defendants; ANGUS McLEOD, Appellant.

JOINT JUDGMENT—DAMAGES FOR FRAUD—CONDITIONAL RELEASE OF ONE DEFENDANT—MOTION FOR SATISFACTION.—Where a joint judgment was rendered against two defendants in an action to recover damages for fraud, and a release was executed to one of the defendants from the judgment upon payment of a certain sum, "so far as the same can be done without releasing or discharging said Angus McLeod from the payment of the balance thereof," the motion of Angus McLeod to enter satisfaction of the judgment was properly denied, whether the release of the other defendant is to be regarded as ineffective or effective in law, so as not to release him.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to enter satisfaction of a judgment. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, for Appellant.

. Crandall & Bull, and L. A. Wittenmyer, for Respondent.

SHAW, J.—This is an appeal by the defendant McLeod from an order denying his motion to enter satisfaction of the judgment.

The plaintiff sued the defendants in an action to recover damages for fraud alleged to have been perpetrated by both of the defendants upon the plaintiff. Judgment was given and entered in favor of the plaintiff for the sum of $1,450, and costs to the amount of $466.15. The motion for an entry of satisfaction of the judgment was based on the claim that the plaintiff had released the other defendant, Cochrane, from the judgment, and that, as the judgment was joint, a release of one operated as a satisfaction of the judgment as to both. The release of Cochrane was in writing, signed by the plaintiff. It recited the payment by Cochrane of $450, in money, upon the judgment, and the release by him of a debt of $250 and interest, due him from the plaintiff, and stated that in consideration thereof, ''I hereby release said James W. Cochrane from the judgment heretofore rendered herein and recovered by me in the above-entitled cause, *so far as the same can be done without releasing or discharging said Angus McLeod from the payment of the balance thereof.''*

It is obvious from the terms of this release that it could not under any circumstances operate as a release or discharge of McLeod. It was expressly made conditional, and by the condition it was not to be a release of Cochrane, unless such release could be made without releasing McLeod. If, therefore, the legal effect of a release of Cochrane would be to release McLeod also, then this agreement, by force of its own limitations, was not a release of Cochrane, and hence, in that event, it could not operate to release McLeod. If, on the other hand, the release of Cochrane, one of the joint judgment debtors, did

not in law release McLeod also, then, necessarily, although Cochrane is released, McLeod still remains liable for the balance, and is not entitled to satisfaction of the judgment. Upon either theory the action of the court below was correct. It is not necessary, in view of these conclusions, to enter upon a discussion of the effect of a release of one joint debtor, upon payment of a part of the debt, upon the liability of the other debtor for the remaining part.

The order appealed from is affirmed.

Van Dyke, J., and Angellotti, J., concurred.

Hearing in Bank denied.