[Civ. No. 13118. Second Dist., Div. Two. Oct. 1, 1941.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Trustee, etc., Plaintiff; INDEMNITY MORTGAGE SECURITIES COMPANY (a Corporation), Appellant, v. IVA B. DUER, Respondent.

S. Oliver Bletz and La Verne M. Hayes for Appellant.

David P. Hatch for Respondent.

WOOD, J.—This is an appeal from an order of the superior court granting the motion of defendant Duer to recall

a writ of execution levied upon her real estate and to satisfy the judgment against her.

A judgment was obtained on July 7, 1939, by Bank of America National Trust and Savings Association against defendants Duer and Woosley in the total sum of $8,678.87. The judgment was based upon a deficiency arising after foreclosure of a trust deed upon real estate given to secure a promissory note executed by the defendants. On April 15, 1940, defendant Woosley for herself alone paid to the plaintiff bank the sum of $1,000 and on the same date, in accordance with its agreement with defendant Woosley, the bank caused to be filed in the office of the county clerk a satisfaction of the judgment in the following language: ''The undersigned hereby acknowledges full satisfaction of the judgment obtained in the above entitled action, and which was entered on the 7th day of July, 1939, as to the defendant, Lizzie D. Woosley, only, and so far as the same can be done without releasing or discharging the judgment debtor, Iva B. Duer, from the balance due on said judgment.''

The bank assigned its judgment on June 6, 1940, to Indemnity Mortgage Guaranty Company and on September 3, 1940, the last mentioned company assigned the judgment to Indemnity Mortgage Securities Company, the appellant herein, and the present owner and holder of the judgment. Thereafter, on November 4, 1940, at the request of the deputy in charge of the judgment department of the county clerk's office a satisfaction of judgment executed on October 31, 1940, on form No. 5 of the official forms of the clerk's office was filed by Indemnity Mortgage Securities Company in the following words and figures: ''For and in consideration of $1,000.00 to me in hand paid by Lizzie D. Woosley, full satisfaction is hereby acknowledged of the judgment in the above entitled action as to Lizzie D. Woosley, only, for $8,678.87, and $49.75 costs, entered July 7th, 1939, judgment in favor of Bank of America, and against Lizzie D. Woosley only, but not releasing Iva B. Duer, and the clerk is hereby authorized and directed to enter the said satisfaction as above.'' On application of appellant the presiding judge of the superior court wrote upon the face of this satisfaction of judgment: ''Satisfactory to file this satisfaction and to issue execution against Iva B. Duer.'' The clerk thereupon entered the following record: ''In consideration of the sum

of $1,000.00 an acknowledged satisfaction of the within judgment was filed Nov. 4, 1940, fully releasing Lizzie D. Woosley only." Thereafter appellant caused a writ of execution to be issued and caused the levy to be made upon the real property of defendant Duer. The motion to recall the execution and to satisfy the judgment was thereupon made, resulting in the order from which the appeal is prosecuted.

■ The court erred in granting the motion. In the instruments filed it is clearly made to appear that it was the intention of the holder of the judgment and the judgment debtor making partial payment that the judgment should be satisfied as to one judgment debtor only. It appears to be settled that where an instrument is filed purporting to satisfy a judgment against one only of two judgment debtors the filing of the instrument does not operate to satisfy the judgment as to the judgment debtor not released by its terms. (*Williams* v. *Riehl,* 127 Cal. 365, 370 [59 Pac. 762, 78 Am. St. Rep. 60].) In *Johnson* v. *Stewart,* 1 Wash. (2d) 439 [96 Pac. (2d) 473], the holder of a joint and several judgment against joint and several makers of promissory notes executed a "release of judgment as to particular defendants," reciting that judgment was satisfied "as against" named defendants. A motion was presented by the judgment debtors not released to compel a satisfaction of the judgment as to them. The motion was denied and on appeal the order was affirmed, the reviewing court observing that "the strong trend of modern authority is to carry out the intention of the parties, if such intent can be determined from their acts, agreements, or documents signed, and to follow the rule that where it clearly appears that the releasor intended to release a particular joint obligator only and to retain his rights against others, that intent will be given effect." The author of the opinion quoted 2 Freeman on Judgments (5th Ed.) 2377, in which it is pointed out that notwithstanding the strict common law rule that a release of one of several joint debtors operates as a release of all the others, "the prevailing rule now is that this result is avoided where the release shows that it was not intended to discharge other debtors except to the extent of the payment made, if any, by the one released."

The decision in *Barnum* v. *Cochrane,* 139 Cal. 494 [73 Pac. 242], seems to be determinative of the question before us. In that case judgment was entered in favor of the plaintiff

in the sum of $1450 and costs in the sum of $466.15 against two defendants for fraud. The defendant McLeod presented a motion asking that satisfaction of judgment be entered as to him, basing his motion on the ground that plaintiff had released the other defendant, Cochrane, and that the judgment being joint, a release of one operates as a satisfaction of the judgment as to both. The release of Cochrane recited the payment by him of a sum less than the total amount of the judgment and stated: "I hereby release said James W. Cochrane from the judgment heretofore rendered herein and recovered by me in the above-entitled cause, so far as the same can be done without releasing or discharging said Angus McLeod from the payment of the balance thereof." It will be noted that the operative language contained in the release is almost identical with the language used in the release executed by the plaintiff bank in the case now under review. In affirming the order Mr. Justice Shaw, speaking for the court, stated: "It is obvious from the terms of this release that it could not under any circumstances operate as a release or discharge of McLeod. It was expressly made conditional, and by the condition it was not to be a release of Cochrane, unless such release could be made without releasing McLeod. If, therefore, the legal effect of a release of Cochrane would be to release McLeod also, then this agreement, by force of its own limitations, was not a release of Cochrane, and hence, in that event, it could not operate to release McLeod. If, on the other hand, the release of Cochrane, one of the joint judgment debtors, did not in law release McLeod also, then, necessarily, although Cochrane is released, McLeod still remains liable for the balance, and is not entitled to satisfaction of the judgment. Upon either theory the action of the court below was correct."

The order is reversed.

Moore, P. J., concurred.

Mr. Justice McComb deemed himself disqualified and took no part in the consideration or decision of this case.

A petition for a rehearing was denied October 21, 1941, and respondents' petition for a hearing by the Supreme Court was denied November 27, 1941.