[Civ. No. 55207. Second Dist., Div. Two. Nov. 28, 1979.]

JACK FLETCHER, Plaintiff and Appellant, v.
CALIFORNIA PORTLAND CEMENT COMPANY, INC.,
Defendant and Respondent.

COUNSEL

Thomas F. Mortimer for Plaintiff and Appellant.

Rutan & Tucker, Theodore I. Wallace, Jr., and William J. Caplan for Defendant and Respondent.

OPINION

**FLEMING, J.**—Plaintiff Jack Fletcher appeals a judgment in favor of defendant California Portland Cement Company. The issue is whether a concurrent tortfeasor's payment and satisfaction of an earlier judgment of the federal court discharged California Portland Cement from any liability.

In November 1972, plaintiff, a railroad switchman employed by Southern Pacific Transportation Company (SP), was injured when he fell in a hole beside a truck while performing switching operations on

the premises of California Portland Cement Company (CPC). In October 1973 plaintiff filed a personal injury action for damages against SP and CPC in federal district court alleging that his injuries were caused by the dangerous condition of equipment and premises on which he was working. In November 1973 plaintiff filed a second action for the same injury in the Los Angeles Superior Court. The factual allegations of the state complaint were identical to those of the federal complaint.

In March 1974 the federal claim against CPC was dismissed for lack of jurisdiction. Nevertheless, plaintiff proceeded with the prosecution of his federal action against SP, and in September 1974 in a jury trial he obtained a verdict for damages in an amount of $75,625. The jury arrived at this amount by finding that $137,500 was the sum that would compensate plaintiff for his injuries and by further finding that plaintiff's negligence contributed 45 percent to his injuries. Judgment against SP for $75,625 was paid in full in October 1974.

When the state court action subsequently came to trial in September 1977 CPC asserted two special defenses: (1) satisfaction and payment of the federal judgment barred the state action, and (2) plaintiff was collaterally estopped from relitigating the issues of damages and comparative negligence. After hearing argument on the special defenses the trial court concluded that satisfaction of the federal judgment discharged CPC from any liability to plaintiff arising out of the operative facts that formed the basis of and constituted the cause of action prosecuted by plaintiff. From a judgment in favor of CPC, plaintiff appeals.

An injured person is entitled to only one satisfaction of judgment for a single harm, and full payment of a judgment by one tortfeasor discharges all others who may be liable for the same injury. This rule, designed to prevent double recovery and never-ending litigation by dissatisfied claimants, applies whether a single judgment has been obtained against joint or concurrent tortfeasors, whether separate judgments of equivalent or disparate amounts have been obtained against tortfeasors, or whether no other judgment has been obtained against other tortfeasors. (*Watson* v. *McEwen* (1964) 225 Cal.App.2d 771, 774-775 [37 Cal.Rptr. 677]; *Winzler & Kelly* v. *Superior Court* (1975) 48 Cal.App.3d 385, 392-393 [122 Cal.Rptr. 259].) It is beyond dispute that the allegations of plaintiff's complaint, if proved, made CPC a concurrent tortfeasor, liable for the same injury for which plaintiff has already recovered full compensation from SP. Accordingly, the trial

court correctly ruled that satisfaction of the federal judgment discharged CPC from any liability it may have had to plaintiff.

In view of this conclusion, we do not reach the issue of collateral estoppel.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.

A petition for a rehearing was denied December 27, 1979, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1980.