Opinion
FAINER, J.
Defendant Robert W. Lyon appeals from an order dated May 17, 1979, denying his motion to vacate an allegedly void default judgment entered against him and his former wife[1] November 27, 1974, and in favor of plaintiff bank.
*Supp. 11 In 1974 plaintiff sued defendant for the amount due on a personal loan of $2,004.11. Defendant answered the complaint and cross-complained for rescission of the loan obligation and for attorney fees in the sum of $250. Defendant’s theory in denying that the loan money was due and in seeking to rescind was that the loan contract was void, usurious and not supported by consideration as the money loaned was in the form of federal reserve notes and was not legal tender because it could not be redeemed in gold or silver. Plaintiff’s demurrer to the answer pursuant to Code of Civil [2] section 430.20, subdivision (a) was sustained without leave to amend[3] and plaintiff’s demurrer to the cross-complaint under section 430.10, subdivision (e) was sustained with leave to amend. Defendant then filed an amended cross-complaint on the same theory as the original cross-complaint but prayed for compensatory and punitive damages in the sum of $30 million. On July 16, 1974, the trial court granted plaintiff’s motion to strike the amended cross-complaint on the grounds asserted in the motion. Those grounds were that the amended cross-complaint was a sham and contained irrelevant, immaterial and redundant allegations. Plaintiff’s motion relied on section 453. Plaintiff’s general demurrer was overruled in view of the ruling on the motion to strike. A default judgment on the complaint was granted on November 27, 1974. The appeal of defendant and his former wife from this judgment was dismissed June 27, 1975, because defendant failed to pay the statutory filing fee. (Cal. Rules of Court, rules 130, 133(c).)
Four years later, defendant moved to vacate the default judgment, claiming that it was void because the municipal court lacked subject matter jurisdiction. This motion was denied on May 17, 1979.
Defendant’s contention that the November 27, 1974, default judgment is void is incorrect. Ordinarily, a municipal court lacks subject *Supp. 12 matter jurisdiction to take any action on a $30 million cross-complaint except to transfer the entire matter to the superior court. (§§ 86 subd. (a)(1)[4]; 396.) Here, however, the allegations of the amended cross-complaint do not support any claim for damages in excess of the sum of $2,004.11 which is the sum that defendant claims the bank loaned him in the form of nonlegal tender. We affirm the order of May 17, 1979, for this reason.
The trial judge, in denying defendant’s motion to set aside the default judgment, stated that there was “no basis in law for said motion.” We must address this statement before discussing our reasons for affirming the order.
If the municipal court does not have subject matter jurisdiction, no valid order[5] or judgment can be made by that court. (Brady v. Kobey (1938) 27 Cal.App.2d 505, 508 [81 P.2d 263].) When the amended cross-complaint was filed asking for $30 million damages, the municipal court, lost jurisdiction and any subsequent order or judgment made by that court was void (§ 396; Eveleth v. American Brass & Iron Foundry (1962) 203 Cal.App.2d 41, 44-45 [21 Cal.Rptr. 95]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 271-281) unless one of the following exceptions applies:
(1) The pleading was not filed in good faith or was frivolous or vexatious. (See Estate of King (1953) 121 Cal.App.2d 765 [264 P.2d 586]; Neal v. Bank of America (1949) 93 Cal.App.2d 678, 682 [209 P.2d 825]; 1 Witkin, Cal. Procedure, supra, Jurisdiction, §§ 23, 24.)
(2) There was a waiver of excess recovery. (Williams v. Rosinsky Motor Co. (1955) 133 Cal.App.2d Supp. 798, 803 [284 P.2d 979]; Sanborn v. Contra Costa County (1882) 60 Cal. 425);
(3) A complaint is filed seeking a sum in excess of the monetary limits of section 86 but the relief granted is within said limits. (Babcock v. Antis (1979) 94 Cal.App.3d 823 [156 Cal.Rptr. 673]); or
*Supp. 13 The allegations of the complaint or cross-complaint do not support the jurisdictionally excessive relief sought. (Greene v. Municipal Court (1975) 51 Cal.App.3d 446 [124 Cal.Rptr. 139]).[6]
The trial judge’s statement on May 17, 1979, that there was no legal basis for defendant’s motion to vacate a four-year-old judgment was incorrect if the judgment was void on its face. “A judgment or order that is void on its face can be set aside on motion or on the court’s own motion at any time after its entry by the court that rendered the judgment or made the order. Hayashi v. Lorenz (1954) 42 C2d 848, 271 P2d 18;... .See also Craft v. Craft (1957) 49 C2d 189, 316 P2d 345; Myers v. Washington (1963) 211 CA2d 767, 27 CR 778. It can be set aside in the trial court pending appeal (Svistunoff v. Svistunoff (1952) 108 CA2d 638, 239 P2d 650) or after affirmance; an appeal does not divest the trial court of power to vacate its judgments and orders when such judgments and orders are void (Batte v. Bandy (1958) 165 CA2d 527, 332 P2d 439, 446), and affirmance of a void judgment or order is itself void (Hager v. Hager (1962) 199 CA2d 259, 18 CR 695,...” (Cal. Civil Appellate Practice (Cont.Ed.Bar 1966) § 4.19.)
If the record before the trial judge disclosed that the prior default judgment was in excess of the subject matter jurisdiction of the municipal court, then that judgment and all judicial acts of the court, including those of the clerk of the court, were void and the judge, in May of 1979 could have properly granted the motion of defendant because a judgment void on its face can be set aside at any time. (Batte v. Bandy (1958) 165 Cal.App.2d 527, 537-538 [332 P.2d 439].) The defect, if any, in this action appears on the face of the amended cross-complaint which is part of the record. (Louret v. Seyfarth (1972) 22 Cal.App.3d 841, 854 [101 Cal.Rptr. 143].) Even the dismissal of the earlier appeal would not divest the trial court of its power to vacate a void judgment. (Ibid.)
*Supp. 14 When the defendant asserted that the record disclosed that the judgment was void as being in excess of the subject matter jurisdiction of the municipal court, the trial judge, in reviewing defendant’s motion to vacate the allegedly void judgment, had to examine the record to ascertain if any of the above mentioned exceptions were applicable. If the trial court finds that the basis for the purportedly void-on-its-face judgment or order is a pleading filed in bad faith or is vexatious or frivolous, or there has been an express or implied waiver of any recovery in excess of the monetary subject matter limits, or the allegations of the pleadings do not support the jurisdictionally excessive relief prayed for, then the judgment or order is not void on its face.
When we examine the record on appeal, and in particular the amended cross-complaint, we find that there are no allegations to support the prayer for compensatory damages in the sum of $30 million or for punitive damages in any sum. There are allegations which might remotely support a claim for $2,004.11 in the amended cross-complaint but this is within the subject matter jurisdiction of the municipal court.
Generally, the prayer or demand of the cross-complaint determines the amount in controversy (People v. Argonaut Ins. Co. (1977) 71 Cal.App.3d 994, 996 [139 Cal.Rptr. 795]) but the court may examine the entire amended cross-complaint to determine the jurisdiction question. (Sellery v. Ward (1942) 21 Cal.2d 300, 304-305 [131 P.2d 550]; Greene v. Municipal Court, supra, 51 Cal.App.3d 446, at pp. 450, 451; Williams v. Rosinsky Motor Co., supra, 133 Cal.App.2d Supp. 798; Holm v. Davis (1935) 8 Cal.App.2d 328, 330 [47 P.2d 537].) As we have pointed out, we have made this examination of the allegations of the pleadings in question and have determined that the allegations do not support the prayer. We can only conclude that the trial court in 1974 impliedly found bad faith motives on the part of the defendant in filing the amended cross-complaint with an unsupported prayer in excess of the monetary jurisdictional limits.
The defendant failed to make any meaningful or significant change in his amended cross-complaint from the original. The sole purpose must have been to deliberately enlarge the demand to require a transfer of the entire lawsuit to the superior court. As the municipal court had the right to go behind the prayer to the allegations of the amended cross-complaint and thereby to determine that the action was still within the jurisdiction of that court, the trial judge had the power to strike *Supp. 15 the pleadings. We emphasize that the record does not show on its face that the default judgment was void.
Finally we address two other claims or contentions of the parties.
First, the defendant claims that he was deprived of a jury trial. “The right to a trial by jury is a right to have the jury try and determine issues of fact. (See §§ 590, 592; Evid. Code 312; Dorsey v. Barba (1952) 38 Cal.2d 350, 356....” (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 74.) The defendant had no right to a jury trial as to the subject matter jurisdiction issue or to hearing on the motion to vacate an alleged void judgment as these were issues of law and he lost his right to a jury on the fact issues when his default was entered. Subject matter jurisdiction questions are issues of law and are determined by the court. (§§ 588, 589, 591; Evid. Code, § 310, subd. (a).) The trial court’s actions in ruling on the plaintiff’s challenges to defendant’s pleadings without a jury were mandated by law. As to the issues of fact that could have been raised by the action on the complaint, the clerk’s entry of default cuts off the defendant’s right to take any further affirmative action as to the complaint. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 148.) When the trial court struck the defendant’s answer to the complaint and ordered defendant’s default entered, this had the effect of a ruling that defendant admitted the fact allegations of the complaint and that there were no issues of fact to be tried, and defendant’s rights to demand or to have a jury trial were terminated. The 1979 motion to set aside the default judgment involved issues of law. (4 Witkin, Cal Procedure, supra, Trial, § 78.)
Second, the plaintiff seeks sanctions from the defendant asserting that this is a frivolous appeal. This request is denied. We have the inherent power as an appellate court, to dismiss a frivolous appeal and section 907 gives us the authority to “add to the costs on appeal such damages as may be just” to compensate a respondent when it appears that the appeal was frivolous or taken solely for delay. While we entertain some doubts as to the merits of defendant’s amended cross-complaint or of his defense to the plaintiff’s complaint, we did not find the appeal frivolous or taken for the purposes of delay. The appeal raised issues of significant importance on the procedure to be used by the trial courts in considering problems of monetary subject matter jurisdiction.
*Supp. 16 As we find that the default judgment is not void on its face, the order denying defendant’s motion to vacate an allegedly void judgment is affirmed.[7] Respondent to recover costs on appeal.
Bigelow, Acting P. J., and Saeta, J., concurred.

The former wife did not join in this appeal because a full satisfaction of the judgment as to her only was filed by plaintiff June 6, 1979. This satisfaction clearly *Supp. 11 indicates an intention on the part of plaintiff to give satisfaction only to the former wife and to have the balance due on the judgment to remain in full force and effect as to defendant. This is a proper use of the satisfaction of judgment procedure. (Bank of America v. Duer (1941) 47 Cal.App.2d 100, 102 [117 P.2d 405].) The rights of the former wife will not be discussed in the opinion. Ordinarily one who voluntarily satisfies a judgment waives the right to appeal therefrom. (Guho v. San Diego (1932) 124 Cal.App. 680, 684 [13 P.2d 387]; 6 Witkin, Cal. Proc (2d ed. 1971) Appeal, §§ 134, 142.)

All code section references herein are to the Code of Civil Procedure unless otherwise noted.

PlaintifFs motion to strike the answer was treated the same as the demurrer.

Section 86, defining subject matter jurisdiction of the municipal court, is the successor to section 89 as of July 1, 1979. The language of the new code section is unchanged from the former code section as it pertains to this appeal except the monetary limits have been increased to $15,000.

The only order the municipal court can make is to suspend proceedings and transfer the cause to the superior court. (§ 396.)

These exceptions to the mandatory requirements of section 396 are difficult and should be applied by a trial court with caution and only if the exception is clear on the face of the record before that court. If there is a doubt, all proceedings should be immediately suspended and the matter transfered to the superior court. We recognize that section 396 is designed to support jurisdiction rather than to defeat it, and to aid a litigant by channeling his cause into the proper court (Babcock v. Antis, supra), but this construction does not make the trial court’s task any easier particularly when the pleading in question is a cross-complaint. We also caution that this opinion is limited to problems arising out of the monetary limitation of subject matter jurisdiction and is not necessarily applicable to other limitations of subject matter jurisdiction in section 86.

Plaintiff has argued that an appeal does not lie from this 1979 order denying the motion to vacate the judgment. While this argument may have merit (see 6 Witkin, Cal. Procedure, supra, Appeal, §§ 91-94) our disposition of this appeal has made it unnecessary to consider or decide this point.