[No. B088555. Second Dist., Div. Three. Dec. 31, 1996.]

JAMES B. McCALL et al., Plaintiffs and Appellants, v.
FOUR STAR MUSIC CO., INC., et al., Defendants and Respondents.

1396

## COUNSEL

A. Edward Ezor, Freund & Brackey and Thomas A. Brackey II for Plaintiffs and Appellants.

Mitchell, Silberberg & Knupp and Robert C. Welsh for Defendants and Respondents.

## OPINION

## ALDRICH, J.—

### INTRODUCTION

Plaintiffs, James B. McCall et al., appeal from the trial court's order granting the motion of Joe E. Johnson to enter satisfaction of a judgment previously entered in favor of William A. McCall[1] and against joint tortfeasors, Johnson, Challenge Records, and Four Star Music Co., Inc. We conclude the motion should not have been granted. McCall neither received full

---

[1] William A. McCall passed away during the pendency of this litigation and is succeeded in this action by the heirs of his estate, James B. McCall et al. For purposes of this appeal, we shall refer to plaintiff in the singular as McCall.

satisfaction of his judgment against the defendants, nor did he intend to release Johnson, who had not paid his portion of the judgment. Accordingly, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 1975, McCall, a songwriter, filed his first amended complaint against Four Star, Johnson and Challenge Records, among others, alleging breach of fiduciary duty and seeking an injunction and an accounting for money due under his royalty agreements with the music publishers.

On February 17, 1977, the court entered a default judgment (the judgment or the California judgment) against the defendants for failure to comply with a previous court order they make royalty payments to McCall. Pursuant to the default judgment, the trial court ordered Four Star, Challenge and Johnson, as joint tortfeasors, to pay McCall $572,476.07 in damages, interest and costs.

On February 13, 1980, McCall and Four Star, who had filed bankruptcy in Tennessee through its receiver, entered into a settlement agreement under which Four Star would transfer to McCall all rights and interests in all of his compositions and pay McCall $418,025.56. Of that amount, the agreement provided, $200,000 constituted ". . . full settlement and satisfaction of all claims [McCall had] arising out of said judgment of the California Court *against all parties except Joe E. Johnson, individually. . . .*"[2] The agreement specifically stated the judgment would be disposed ". . . of as among the aforesaid parties *only . . . but* preserving in favor of . . . McCall . . . all of his rights in the said action . . . against Joe E. Johnson, individually only." (Italics added.) The bankruptcy court required, as a prerequisite to approving the settlement, that McCall fully release Four Star from the judgment.

Back in California, on January 9, 1987, McCall filed a Judicial Council form "Acknowledgment of Satisfaction of Judgment" pursuant to the settlement agreement. On that form, McCall acknowledged full satisfaction of the judgment by checking off the boxes indicating "[t]he judgment creditor has accepted payment or performance other than that specified in the judgment in *full satisfaction of the judgment.*" (Italics added.) McCall named Four Star and Challenge Records as the judgment debtors being released. A week later, McCall filed an application for renewal of the judgment against Johnson.

In 1994, McCall attempted to execute on the judgment in Tennessee prompting Johnson to file a motion to quash, stay of execution and motion

---

[2]Four Star also agreed to dismiss its appeal of the judgment.

for satisfaction of the California judgment. Such motions were denied by the Tennessee Chancery Court because the satisfaction of judgment McCall had filed in California did not relieve Johnson of liability under the judgment. The chancery court's ruling was reversed by the Tennessee Court of Appeals on the ground the lower court first had to address Johnson's earlier motion on unrelated grounds. The appellate court declined to address Johnson's liability under the judgment.

While the appeal in Tennessee was ongoing, in August 1994, Johnson moved the Superior Court in Los Angeles County for entry of satisfaction of judgment as to him on the ground that the full satisfaction of judgment as to debtors jointly liable with Johnson served to discharge Johnson's obligation under the judgment. In opposing the motion, McCall argued the trial court here was required to give full faith and credit to the decision of the Tennessee Chancery Court that the settlement agreement, satisfying only *part* of the judgment, did not release Johnson of his liability under the California judgment. At oral argument, McCall's attorney argued the settlement never purported to be a full satisfaction of the judgment.

The trial court granted Johnson's motion for entry of satisfaction of judgment, stating on its minute order, "California law clearly establishes that Johnson obtained benefit of Satisfaction of Judgment filed by co-defendants in 1980." Otherwise, the trial court rejected McCall's full faith and credit argument. The order was filed on September 2, 1994. This timely appeal followed.

CONTENTION

McCall contends the trial court erred in granting Johnson's motion for satisfaction of the judgment because the underlying judgment was not released in full.

DISCUSSION

The challenged order is appealable. (*Yanchor* v. *Kagan* (1971) 22 Cal.App.3d 544, 546 [99 Cal.Rptr. 367].)

In California it has long been the rule, "There can be only one satisfaction for any injury; hence *satisfaction* of the judgment by execution sale, or payment by one or more of the joint or current tortfeasors, extinguishes the obligation and discharges the liability of all the others . . . ." (5

Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 57, pp. 116-117, original italics.) A "plaintiff is only entitled to a single recovery of *full* compensatory damages for a single injury." (See *Milicevich* v. *Sacramento Medical Center* (1984) 155 Cal.App.3d 997, 1003 [202 Cal.Rptr. 484], italics added.) Thus, the rule is ". . . *full* payment of a judgment by one tortfeasor discharges all others who may be liable for the same injury. This rule [is] designed to prevent double recovery. . . ." (*Fletcher* v. *California Portland Cement Co.* (1979) 99 Cal.App.3d 97, 99 [159 Cal.Rptr. 915], italics added.)

However, *this is only a partial statement of the rule.* It is equally the rule where fewer than all of the joint tortfeasors satisfy less than the entire judgment, such satisfaction will not relieve the remaining tortfeasors of their obligation under the judgment. Stated otherwise, *"partial satisfaction has the effect of a discharge pro tanto."* (5 Witkin, Summary of Cal. Law, *supra*, Torts, § 57, at pp. 116-117, italics added, and cases cited therein; *Winzler & Kelly* v. *Superior Court* (1975) 48 Cal.App.3d 385, 392 [122 Cal.Rptr. 259]; *Watson* v. *McEwen* (1964) 225 Cal.App.2d 771, 774-775 [37 Cal.Rptr. 677]; see also Civ. Code, § 1477 [see fn. 2, *ante*].) "Pro tanto" means "for so much." (Webster's Third New Internat. Dict. (1971) p. 1822.) Hence, Civil Code section 1543, concerning releases, specifically provides, *"A release of one of two or more joint debtors does not extinguish the obligations of any of the others,* unless they are mere guarantors; nor does it affect their right to contribution. . . ." (Italics added.)

█ In support of his contention he has a right to benefit from the satisfaction of judgment, and citing Code of Civil Procedure, section 724.010, subdivision (a), Johnson argues that full satisfaction of a judgment may be achieved where the judgment creditor agrees to file a satisfaction of judgment in exchange for something less than the full amount owed.[3]

---

[3]We note, the Legislative Committee Comment to this section specifically states, "Subdivision (a) of Section 724.010 . . . is not an exclusive statement of the methods for satisfying a money judgment." (Legis. committee com., Deering's Ann. Code Civ. Proc. (1983 ed.) § 724.010, p. 68.)

There is some disagreement about how much of the judgment was satisfied by the settlement agreement. The $572,476.07 judgment was comprised of $163,829.19 in damages with $155,967 in interest, plus $250,000 in punitive damages and $2,679.88 in costs. Of the $418,025.56 settlement amount, $200,000 was specifically identified as satisfaction of the judgment. It is unclear, however, what the remaining $218,025.56 of the settlement represented and whether it was applied to the instant lawsuit. However, the fact remains, the judgment was not fully satisfied by the settlement agreement. Even $418,025.56 is less than the $572,476.07 judgment amount.

However true that maxim may be, it is inapplicable to the case before us. The settlement agreement *did not constitute full satisfaction of the judgment.*[4] That agreement specifically provided it constituted "full settlement and satisfaction of all claims [McCall had] against all parties *except Joe E. Johnson.*" Moreover, the agreement disposed of the judgment as to the "aforesaid parties only" but "*preserv[ed]* in favor of [McCall] *all of his rights* in the said action and *in the judgment* heretofore rendered therein *as against Joe E. Johnson.*"

The intent of the parties as expressed in the release is controlling. (See *Barnum* v. *Cochrane* (1903) 139 Cal. 494, 495 [73 P. 242]; *Bank of America* v. *Duer* (1941) 47 Cal.App.2d 100, 102 [117 P.2d 405]; cf. *Security Pac. Nat. Bank* v. *Lyon* (1980) 105 Cal.App.3d Supp. 8, Supp. 10, fn. 1 [165 Cal.Rptr. 95].) In *Barnum, supra,* after obtaining a $1,916.15 judgment against McLeod and Cochrane, the plaintiff released Cochrane from the judgment. The release recited the payment by Cochrane of $450 and then stated, " 'I hereby release . . . Cochrane from the judgment . . . *so far as the same can be done without releasing or discharging said . . . McLeod from the payment of the balance thereof.*' " (139 Cal. at p. 495, original italics.) The Supreme Court concluded the trial court properly denied McCleod's motion to enter satisfaction of the judgment as to him because "[i]t is obvious from the terms of this release that it could not under any circumstances operate as a release or discharge of McLeod." (*Ibid.*)

In *Bank of America, supra,* the bank obtained an $8,678.87 judgment against two defendants, Duer and Woosley, and reached a settlement with the latter for $1,000. The bank filed a satisfaction of judgment which indicated the bank acknowledged full satisfaction of the judgment ". . . as to the defendant, Lizzie D. Woosley, only, and so far as the same can be done without releasing or discharging the judgment debtor. . . ." (*Bank of America* v. *Duer, supra,* 47 Cal.App.2d at p. 101.) Duer then moved to recall a writ of execution upon his property. The Court of Appeal reversed the trial court's grant of the motion to recall, stating the clear intent of the parties was to release one judgment debtor only. (*Id.* at p. 102.) Noting *Barnum, supra,* was determinative of the issue, the court explained, "It appears to be settled that where an instrument is filed purporting to satisfy a judgment against one only of two judgment debtors the filing of the instrument does not operate to satisfy the judgment as to the judgment debtor not released by its terms. [Citation.]" (*Ibid.*)

The same intent is manifest here. The settlement agreement between McCall, Four Star and Challenge Records expressed the patent intent of the

---

[4]During hearing on Johnson's motion, McCall's attorney pointed out there was *not a full satisfaction of the judgment* because Johnson was expressly excepted from the settlement. Indeed, all parties concurred in that assertion.

signatories to release *only* the settling defendants while preserving McCall's rights as against Johnson. As further evidence of McCall's intention the agreement was neither a full settlement of his rights under the judgment nor a release of *all* of the defendants, McCall omitted Johnson's name on the acknowledgment of judgment and filed a renewal of judgment against Johnson *within a week* of filing the acknowledgment of satisfaction. This is a proper application of the procedure for satisfaction of judgments. (*Security Pac. Nat. Bank* v. *Lyon*, *supra*, 105 Cal.App.3d at p. Supp. 10, fn. 1.)

The cases on which Johnson relies do not support his position. *Fletcher* v. *California Portland Cement Co.*, *supra*, 99 Cal.App.3d at page 99 is taken out of context. There, the entire judgment "was paid in *full . . . .*" and was never the subject of a settlement. (*Id.* at p. 99, italics added.) In *Bartneck* v. *Dunkin* (1969) 1 Cal.App.3d 58 [81 Cal.Rptr. 428], one of two joint tortfeasors paid virtually the entire judgment and received an assignment of the judgment. (*Id.* at p. 60.) The order compelling the plaintiffs to execute satisfaction of judgment in favor of the remaining defendant was affirmed on the ground the parties specifically intended the payment of less than the judgment be full satisfaction and the assignment be a complete release. (*Id.* at p. 62.) The same intention existed in *Schwartz* v. *Cal. Claim Service* (1942) 52 Cal.App.2d 47, 54-55 [125 P.2d 883].)[5]

■ Turning to acknowledgments of satisfaction of judgment, they ". . . may be filed for one of several joint debtors. *So long as the intent is clearly indicated* [*citation*], the judgment remains in effect against the remaining joint debtors (with a credit for the amount received). [Citations.]" (Ahart, Cal. Practice Guide: Enforcing Judgments & Debts (The Rutter Group 1996) ¶ 6:1880, p. 6k-2, italics added.) Thus, "[i]f satisfaction has been made by one of several joint debtors [citation], the words 'in full satisfaction of judgment debtor's pro rata liability on the judgment' should be added" to the acknowledgment. (*Id.* at ¶ 6:1895, p. 6k-4.)

---

[5]We are similarly unpersuaded by the cases Johnson cited at oral argument. In *Chetwood* v. *California Nat. Bank.* (1896) 113 Cal. 414 [45 P. 704], the plaintiff agreed his settlement for less than the full amount was in full satisfaction of the defendants' obligation. The Supreme Court noted this was "a retraxit there can be no doubt." (*Id.* at p. 426.) In *Lamoreux* v. *San Diego etc. Ry. Co.* (1957) 48 Cal.2d 617 [311 P.2d 1], the settlement occurred before trial so actual liability was not fixed and the rule full satisfaction of the action against one wrongdoer is deemed compensation as to all joint tortfeasors did not apply. (*Milicevich* v. *Sacramento Medical Center*, *supra*, 155 Cal.App.3d at pp. 1003-1004.) The rule was also rejected because the claim against the settling defendant under worker's compensation was necessarily for *less* than the plaintiff would recover in a negligence action. The Supreme Court explained it would "be *unrealistic, and most unfair* to the injured person, to hold . . . such a . . . payment was accepted as full compensation for the injury" and released the other defendant unless there was "an *intent to release* the joint tort feasors." (*Lamoreux* v. *San Diego etc. Ry. Co.*, *supra*, at pp. 626-627, italics added.) *Dougherty* v. *Cal. Kettleman Oil R., Inc.* (1939) 13 Cal.2d 174 [88 P.2d 690], is irrelevant because it is a contract case where the rule does not apply. (*Id.* at pp. 182-183.)

■ Here, while the acknowledgment of satisfaction filed by McCall recognizes satisfaction of a portion of the judgment by Four Star and Challenge, it does not indicate the satisfaction was only of those defendants' pro rata liability and there is no notation the judgment remained in effect against Johnson. In light of the foregoing, this is clearly a clerical error which does not accurately reflect the intent of the parties.[6] Capitalizing on the error, Johnson has succeeded in squirming out of a 19-year obligation to McCall. Such result was never the intent of the settling parties. To permit Johnson to avoid this debt by allowing him the benefit of a satisfaction of judgment to which he was not, and was never intended to be, a party, would be to elevate form over substance to achieve a ludicrous and unjust result. The trial court erred in granting Johnson's motion for satisfaction of judgment.

## DISPOSITION

The order is reversed. Costs awarded to appellants.

Klein, P. J., and Kitching, J., concurred.

---

[6]It appears from its comments made during oral argument that the trial court was of the view McCall failed to carry his burden of showing the agreement was not full satisfaction of the judgment. However, attached to McCall's papers filed in opposition to Johnson's motion for satisfaction of judgment was his opposition to Johnson's motion to quash execution filed in the chancery court in Tennessee. Attached to those papers was the judgment, the settlement agreement and the affidavit of McCall, certifying that ". . . the only sum that has been paid on [the California judgment] is the sum of $200,000 from [Four Star] for the copyrights awarded to [McCall]. There have been no sums paid on the punitive damages award of the Judgment, leaving a principal balance of $252,679.88, plus interest . . . in the amount of $205,400.67, plus $14.00 filing fee, for a total award of $458,094.55." Although inartfully presented, this is sufficient information from which the court could conclude the settlement did not constitute full satisfaction of the judgment. Hence, as McCall demonstrated the error, the "Acknowledgment of Satisfaction of Judgment" is subject to amendment. (Cf. *Cason* v. *Glass Bottle Blowers Assn.* (1952) 113 Cal.App.2d 263, 267 [247 P.2d 931].)